PUBLIC SERVICE RAILWAY COMPANY, PROSECUTOR, v. HACKENSACK IMPROVEMENT COMMISSION AND SUBURBAN BUS LINE, INCORPORATED, DEFENDANTS.

Argued May 3, 1927—Decided December 23, 1927.

Before Justices TRENCHARD and KATZENBACH.

For the prosecutor, *Frank Bergen* (*Wendell J. Wright,* of counsel).

For the defendant Hackensack Improvement Commission, *James De Turck.*

For the defendant Suburban Bus Line, Incorporated, *Winne & Banta.*

PER CURIAM.

The writ herein was allowed to review the action of the Hackensack Improvement Commission, the governing body of the city of Hackensack, on October 18th, 1926, in granting a consent to the operation of auto buses, by the Suburban Bus Line, Incorporated, on certain public streets in the city of Hackensack.

It appears that on September 7th, 1926, there was presented to the Hackensack Improvement Commission the application hereinafter more particularly described. Upon motion, unanimously carried, the application was laid over for thirty days. On October 4th, 1926 (less than thirty days from September 7th), "application from the Suburban Bus Company for permission to operate between Hackensack and Little

Ferry was read," and on motion was laid over for a further period of thirty days. On October 18th, 1926 (fourteen days later), the minutes show as follows: "Application of the Suburban Bus Line to operate three buses between Hackensack and Little Ferry was read by the clerk." "Motion by Mr. Wigglesworth, seconded by Mr. Schaefer, that permission be granted and referred to the public utilities commission. Carried unanimously."

Thereupon proceedings were had which resulted in the issuance of this writ. The stipulation and depositions taken and filed herein show that this prosecutor has an interest which under the statute, chapter 144 (*Pamph. L.* 1926), section 5 (at *p.* 224), entitled it to review the alleged illegal action of the Hackensack Improvement Commission.

The general ordinance of the Hackensack Improvement Commission, passed prior to the application in question, provides that before the license or consent for operation of such a motor bus shall be given, an application in writing therefor shall be made, which application shall state—(a) the name of the owner; (b) whether such owner is an individual, co-partnership, association, corporation or joint stock company; (c) if the owner is not an individual, then the names of its officers and members; (d) the business address of the applicant; (e) whether the applicant is or will be vested with the title to the auto bus or whether such applicant is the lessee or the representative of the owner; (f) the proposed route of such auto bus and its terminus or termini within the city; (g) the location of each of the proposed regular stops along the route within the city; (h) the proposed schedule of starting at or from the terminus or termini within the city; (i) the proposed fare or fares to be charged; (j) the number of the auto buses the applicant intends to operate upon the route; (k) the place within the city where such auto bus or buses may be inspected by the improvement commission or an officer or employe thereof; (l) an agreement to comply with the requirements of the ordinance and all rules and regulations made or imposed in pursuance of the ordinance.

We think this case is controlled by our decision in *Bergen Bus Line* v. *Hackensack Improvement Commission*, 4 *N. J. Mis. R.* 167. As there the application did not comply with the requirements of the ordinance as above set forth. It stated only the name of the applicant, the number of buses to be operated, the proposed route, the fare and a statement that consent will be subject to the approval of the public utility commission. The ordinance also provided that the application should be acted upon within thirty days after receipt of the application. This was not done.

The general ordinance also required that the commission should determine that the granting of the license was necessary or advisable in the interest of the public welfare. No such determination was made. The commission having enacted a general ordinance designating the matters required to be set forth by one applying for license to operate auto buses, it was obliged to conform, in dealing with applications for licenses, to provisions of the ordinance which it had enacted. This it did not do.

The motion or order brought up for review will be set aside, with costs.