18 N.J. Super. 351 (1952)
87 A.2d 341
TUBE BAR, INC., A NEW JERSEY CORPORATION, ET AL., APPELLANTS,
v.
COMMUTERS BAR, INC., ET AL., RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 25, 1952.
Decided March 12, 1952.
*352 Before Judges McGEEHAN, JAYNE and Wm. J. BRENNAN, JR.
Mr. John Warren argued the cause for appellants (Mr. John Warren, attorney for appellant Tube Bar, Inc.; Mr. Charles Hershenstein, attorney for appellant Universal Markets; Mr. Michael Halpern, attorney for appellants John Maske, Joseph Gorman, Grays Eating Places of N.J., Bernhard Miller, John DeDousis, Journal Square Bakery, Inc., and Theodore G. Antos; Mr. John J. LaFianza, Jr., attorney for appellant Finbar).
Mr. Lawrence A. Whipple argued the cause for respondents (Messrs. Wall, Walsh, Kelly & Whipple, attorneys for respondent Commuters Bar, Inc.; Mr. Jacob J. Levey, attorney for respondent Board of Alcoholic Beverage Control of the City of Jersey City).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
The Board of Alcoholic Beverage Control of the City of Jersey City granted the transfer of the plenary retail consumption license of Commuters Bar, *353 Inc., from 35 Enos Place to store 9-B, Journal Square. On appeal, the Director of the State Division of Alcoholic Beverage Control affirmed the action of the Jersey City Board. Tube Bar, Inc., and others appeal.
An ordinance of Jersey City adopted in 1937 and amended in 1941 authorizes the Board of Alcoholic Beverage Control of Jersey City to grant the transfer of plenary consumption licenses under certain conditions. The power of the municipality to pass such an ordinance is not in question. The ordinance, in pertinent part, provides:
"Section 4. From and after the passage of this ordinance, no Plenary Retail Consumption License shall be granted for or transferred to any premises the entrance of which is within the area of a circle having a radius of seven hundred fifty (750) feet and having as its central point the entrance of an existing licensed premises covered by a Plenary Retail Consumption License, provided, however, that if any licensee holding a Plenary Retail Consumption License at the time of the passage of this ordinance shall be compelled to vacate the licensed premises for any reason that in the opinion of the Board of Commissioners of the City of Jersey City was not caused by any action on the part of the licensee, or if the landlord of said licensed premises shall consent to a vacation thereof, said licensee may, in the discretion of the Board of Commissioners of the City of Jersey City, be permitted to have such license transferred to another premises within a radius of five hundred (500) feet of the licensed premises so vacated."
It is conceded: (1) that the license was transferred to "premises the entrance of which is within the area of a circle having a radius of seven hundred fifty (750) feet and having as its central point the entrance of an existing licensed premises covered by a Plenary Retail Consumption License"; (2) that Commuters Bar, Inc., did not hold "a Plenary Retail Consumption License at the time of the passage" of the ordinance or its amendment in 1941; (3) that the landlord of the licensed premises on Enos Place did not "consent to a vacation thereof"; and (4) that the license of Commuters Bar, Inc., was "transferred to another premises within a radius of five hundred (500) feet of the licensed premises so vacated."
*354 The Jersey City board granted the transfer on its finding that "in the opinion of the Commission the applicant has reasonable apprehension that he will be compelled to vacate premises now occupied by him and therefore will sustain a serious hardship and loss of his license, and considering the cosmopolitan nature of the neighborhood to which he seeks the transfer, an exception should be made and the transfer granted." It is conceded that under the terms of the ordinance applicable to this case, the local board was not authorized to grant a transfer which violated the general 750-foot provision, unless (1) the applicant was a licensee holding a plenary retail consumption license at the time of the passage of the ordinance or, at the latest, at the time of the passage of the amendment thereto in 1941; and (2) the licensee shall be compelled to vacate the licensed premises. When a commission, board, body or person is authorized by ordinance, passed under a delegation of legislative authority, to grant or deny a license or permit, the grant or denial thereof must be in conformity with the terms of the ordinance authorizing such grant or denial. 9 McQuillin, Municipal Corporations (3d ed. 1950), § 26.73; Bohan v. Weehawken, 65 N.J.L. 490, 493 (Sup. Ct. 1900). Nor can such commission, board, body or person set aside, disregard or suspend the terms of the ordinance, except in some manner prescribed by law. Public Service Ry. Co. v. Hackensack Imp. Com., 6 N.J. Misc. 15 (Sup. Ct. 1927); 62 C.J.S., Mun. Corp., § 439. The local board therefore lacked power to grant the transfer for two reasons: first, because the applicant did not meet the first condition imposed under the proviso; and, second, because the board did not make a finding sufficient to justify the issuance under the second condition of the proviso. That the local board realized its finding that the applicant "has reasonable apprehension that he will be compelled to vacate premises now occupied by him" was not sufficient to meet the finding required by the provision of the ordinance, is indicated by its conclusion that "an exception should be made and the transfer granted."
*355 R.S. 33:1-26 (amended L. 1943, c. 152, § 1) provides:
"* * * The action of the other issuing authority in granting or refusing to grant any application for a transfer of license to a different place of business * * * shall be subject to appeal to the commissioner within thirty days from the date such action was taken. * * *"
On appeal to the Director of the State Division of Alcoholic Beverage Control, he affirmed the action of the local board in granting the transfer on the following findings: (1) the condition of the proviso that the applicant must be a licensee who held a license at the time of the passage of the ordinance, or at least at the time of its amendment, was an unreasonable regulation as applied to this particular case (but see Phillipsburg v. Burnett, 125 N.J.L. 157 (Sup. Ct. 1940)); and (2) the local board had found that the other condition, namely, that the licensee "shall be compelled to vacate the licensed premises," had been met and the Director's function "on appeals of this type is not to substitute my personal opinion for that of the local issuing authority but merely to determine whether reasonable cause exists for its opinion and, if so, to affirm irrespective of my personal view on the subject. * * * From the record before me in this appeal I do not find that respondent Board's granting of the application was arbitrary or unreasonable or otherwise in abuse of its discretionary power so as to call for a reversal of the action taken."
While the Director found the first condition of the proviso unreasonable in its application in this case, and therefore no bar to the grant of the transfer, there is no suggestion that he made any such finding with respect to the second condition, namely, that the licensee shall be compelled to vacate the premises. As shown by the above quotation from his opinion, he assumed that the local board had found that the applicant had met the second condition, and he relied thereon; and he disavowed any independent finding on his part, or that he would have made the same finding on the evidence presented.
*356 We conclude there was no evidence to support a finding that this licensee met the second condition of the proviso, namely, that he was compelled to vacate the licensed premises. From the evidence it appeared that Commuters Bar, Inc., acquired the license to conduct business at Enos Place on or about February 27, 1951, taking from the prior licensee an assignment of a lease agreement which the prior licensee had entered into on September 1, 1948, with the owner of the premises. This lease was for a period of five years and contained the following clause: "The landlord may terminate this lease on ninety (90) days notice to the tenant in the event that the corner space now occupied by First Savings and Loan Association becomes available or in the event that the First Savings and Loan Association removes from said premises."
On May 25, 1951, the owner of the premises gave a release, effective July 1, 1951, to First Savings and Loan Association, from its obligation under the lease upon which it occupied the corner space mentioned above. The First Savings and Loan Association vacated the corner store on or about July 1, 1951, and the owner leased it to another for a term beginning July 1, 1951. While it is argued that the owner, by his actions, has waived any right to give the 90-day notice to vacate, we find it unnecessary to consider this argument. The owner of the Enos Place premises has never given any notice of termination to Commuters Bar, Inc., and Commuters Bar is still bound by the lease for the Enos Place premises. There was no evidence to support a finding that the owner had any intention to give such a notice, let alone that he threatened to do so. At the time that the local board found that the licensee had "reasonable apprehension that he will be compelled to vacate premises now occupied by him," the lease had more than two years and five months to run. We have here no situation where the licensee's lease will soon expire and he is unable to get a renewal thereof without an exorbitant increase in the rental, or any other situation which could support a finding by the local board or by the *357 Director that this licensee met the second condition of the proviso of the ordinance.
In summary, the local board had no power to grant the transfer because the first condition of the proviso of the ordinance was not met and there was no proper finding that the second condition had been met. Even if we were to assume that the Director had power to treat the appeal as one from the local board's refusal to grant the transfer and had power to disregard the conditions imposed by ordinance, which he found unreasonable in their application to the particular case, he still lacked power to grant the transfer without a finding on his part that the reasonable provisions of the ordinance applicable in the particular case were met. This the Director did not do.
The order of the Director is reversed.