**DISTINCTIVE THEATRES OF COLUM- BUS, Inc., Plaintiff,**

v.

**Nathaniel LOOKER, District Director of Internal Revenue, Defendant.**

Civ. No. 4353.

United States District Court
S. D. Ohio, E. D.
July 17, 1958.

Roger K. Powell, Columbus, Ohio, for plaintiff.

---

Hugh K. Martin, U. S. Atty., Gerald L. Stanley, Asst. U. S. Atty., Columbus, Ohio, for defendant.

CECIL, District Judge.

This case was submitted to the Court upon the pleadings, stipulation of facts, briefs of counsel and motions of the respective parties for summary judgment. The plaintiff seeks to recover from the Government approximately $4,000. which it claims was illegally collected as an amusement tax.

The question arises out of the manner in which the plaintiff operated the Little Theatre in Columbus, Ohio, for the period in question. During this period, the plaintiff had no box office attendant and did not sell tickets for admission to the entertainment conducted inside of the theatre. Instead, a sign was placed on the box office window reading: "Admission Free. You may donate any amount you wish—As you Leave the Theatre."

In the rear of the theatre, as the patrons left, was a large fish bowl to receive donations and a similar sign as was placed on the box office window. This same message was flashed from the screen during the progress of the entertainment. It is stated in the stipulation of facts that one of the specific purposes of this new policy "was to avoid payment of the Federal Excise Tax on Admissions."

The question is whether or not this is an Admission under Section 1700 of Title 26 U.S.C. This section reads: "A tax of 1 cent for each 10 cents or major fraction thereof of the amount paid for admission to any place, including admission by season ticket or subscription." *

The regulation of the Internal Revenue Commissioner on this subject is as follows: Regulation 43, Section 101.2— "Meaning of 'Admission'—(a) Tax is imposed on the 'amount paid for admission to any place' and applied to the amount which must be paid in order to gain admission to a place. (See Section 101.4)

The term 'admission' means the right or privilege to enter into a place."

The Court construes this section of the statute and the Regulation strictly to mean the amount required to be paid for admission or entrance into a place. Obviously, there was no requirement for anyone to pay anything to gain admission to the theatre and see the entertainment that was in progress. It is stipulated in the Facts that people on leaving the theatre deposited money in varying amounts and some people deposited nothing. It is stated in the stipulation of facts that one of the purposes of the new policy was to "avoid" the payment of the tax. Counsel for the Government state in their brief on page 6: "Taxpayer attempts, by calling the amounts paid by the patrons of the Little 'donations', to avoid the tax on amounts paid for admission."

█ It is generally considered that it is not wrong or illegal to "avoid" taxes. Much literature is published on the subject of how to avoid taxes. The wrong and illegal procedure arises when people evade taxes. One meaning of the word "avoid" as given in Webster's New International Dictionary is "To keep away from; to keep clear of; to endeavor not to meet; to shun; to abstain from; as to avoid evil". "Evade" is defined as: "To get away from by artifice; to avoid by dexterity, subterfuge, address, or ingenuity; to escape from cleverly".

The legislators chose the language of the statute. It would have been a simple matter to have framed a statute to be inclusive of the method of operation herein adopted.

█ The Court concludes that the plaintiff did not charge an admission within the provisions of the statute above quoted. The motion of the plaintiff for a summary judgment will, therefore, be sustained. The defendant's motion for summary judgment will be overruled.

An order may be drawn accordingly.

* Amended as to amount by Section 1650.