77 N.J. Super. 70 (1962)
185 A.2d 404
ESSEX COUNTY RETAIL LIQUOR STORES ASSOCIATION, APPELLANT,
v.
MUNICIPAL BOARD OF ALCOHOLIC BEVERAGE CONTROL OF THE CITY OF NEWARK, BARTLETT M. SMITH, TRADING AS MULDOON LIQUORS, AND HOME LIQUORS INCORPORATED OF NEW JERSEY AND WILLIAM HOWE DAVIS, DIRECTOR, DIVISION OF ALCOHOLIC BEVERAGE CONTROL, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 24, 1962.
Decided November 2, 1962.
*72 Before Judges GOLDMANN, FREUND and FOLEY.
Mr. Leonard Brass argued the cause for appellant (Messrs. Brass and Brass, attorneys).
Mr. Richard L. Amster argued the cause for respondent, Bartlett M. Smith.
Mr. Abe W. Wasserman argued the cause for respondent, Home Liquors, Inc.
*73 Mr. Herbert S. Alterman, Deputy Attorney General, argued the cause for respondent, William Howe Davis, Director of Division of Alcoholic Beverage Control (Mr. Arthur J. Sills, Attorney General, attorney).
The opinion of the court was delivered by FOLEY, J.A.D.
Plaintiff appeals from a determination of the Division of Alcoholic Beverage Control (Division) affirming two transfer orders issued by the Board of Alcoholic Beverage Control of the City of Newark (Board).
Bartlett M. Smith was the holder of a retail consumption license for premises located at 776 South Orange Avenue, Newark. On July 6, 1961 he filed an application to transfer this license to 773 South Orange Avenue (place-to-place transfer). The application came on for hearing on July 19, when plaintiff through its attorney appeared as an objector and requested assurance from Smith that he intended to operate the premises at 773 South Orange Avenue if the license was granted. After a lengthy colloquy the Chairman of the Board, in effect, declined to oblige Smith to state his present intention with respect to future operation. The transfer was granted.
On August 3, 1961 an application was made by Home Liquors for the transfer to it of Smith's license at the new premises (person-to-person transfer). A hearing on this application was conducted on August 16, 1961 during which it developed that on June 20, 1961 Smith had entered a contract of sale with Home Liquors conditioned upon the transfer of the license to 773. This application for transfer was also granted.
Plaintiff then appealed to the Division from both transfers. The petition of appeal alleged that the actions of the Municipal Board should be reversed for the following reasons: (a) the filing of the separate applications by respondents Smith and Home Liquors were made to circumvent Section 3.29 of the Revised Ordinance of the City of Newark, and (b) the procedure following by respondents Smith and *74 Home Liquors to effect aforesaid transfers was made in violation of Rule 14 of State Regulation No. 6.
The pertinent portion of Section 3.29 of the Revised Ordinance of the City of Newark provides:
"No plenary retail consumption license, except renewals for the same premises and transfers of license from person to person within the same premises, shall be granted or transfer made to other premises within a distance of one thousand feet from any other premises then covered by a plenary retail consumption license, provided, however, that the local license issuing authority may, in its discretion, grant a transfer of an existing license to the same licensee to other premises within six hundred feet of the premises from which the transfer is made, notwithstanding that the premises to which the license is so transferred is within one thousand feet of an existing plenary retail consumption licensed premises."
Rule 14 of State Regulation No. 6 provides:
"Transfers of licenses both as to person and place may be applied for simultaneously and in a single application; but if there is such combined application for person-to-person and place-to-place transfer, the license shall not be transferred to the applicant unless the place-to-place transfer is also effected."
The answer filed on behalf of respondent Smith denied appellant's allegations and, by way of separate defense, stated:
"The evidence adduced at the hearings below established that the transfer of the licensed premises from No. 776 to No. 773 South Orange Avenue, Newark, New Jersey, being the opposite side of the street on the same block, in no way aggravated the concentration of licenses and was beneficial to the public interest.
The evidence adduced at the hearings below established that a denial of such transfer would impose a hardship upon the licensee.
The evidence adduced at the hearings below established that the licensee actually intended, in good faith, to conduct the licensed business at the new address if his pending sale to Home Liquors was not consummated."
The answer filed on behalf of respondent Home Liquors denied the allegations of the appellant. The answer of *75 respondent Board denied the allegations of the appellant and alleged that "the grounds upon which the issuing authority made its decision were based upon the factual testimony before the Board from which it, in its sound discretion, concluded that the transfer should be granted."
The appeal was heard de novo pursuant to Rule 6 of State Regulation No. 15. The transcripts of the proceedings before the respondent Board were received in evidence and additional and supplemental testimony was presented by appellant and respondents, in accordance with Rules 6 and 8 of said Regulation.
The Division Director, in affirming the A.B.C. hearer's report and dismissing the appeal from the Board, found:
"While I am convinced that the methods used by licensee Smith and Home Liquors were without question for the purpose of circumventing the local ordinance, nevertheless this fact was forcibly called to the attention of the respondent Board and argued at length. However, the Board saw fit to grant the transfer and, regardless of my personal opinion of the means devised to effect the transfer, I will not question the discretionary authority, in this case, of the Board to grant the transfer."
The essence of appellant Association's attack on the transfers is that the local licensing board and the Director of the Division of Alcoholic Beverage Control abused their respective discretionary powers. It charges that there was a clear evasion of the provisions of section 3.29 of the Revised Ordinances of the City of Newark. The Board, it is said, had no jurisdiction to transfer respondent Smith's license in violation of the ordinance (citing Petrangeli v. Barrett, 33 N.J. Super. 378, 384 (App. Div. 1954), and Tube Bar, Inc. v. Commuters Bar, Inc., 18 N.J. Super. 351, 354 (App. Div. 1952)), and in further violation of Rule 14 of State Regulation No. 6 (citing Dal Roth v. Div. of Alcoholic Beverage Control, 28 N.J. Super. 246 (App. Div. 1953), and Wilner's Liquors v. Jersey City, A.B.C. Bulletin 1332, Item 3).
Our decision in Dal Roth, and the A.B.C. Director's determination in Wilner's Liquors are completely distinguishable. *76 Those cases involved a single, combined application, not by the licensee but by the proposed transferee for a place-to-place and person-to-person transfers of a plenary retail consumption license under the Jersey City ordinance which forbade the granting of the transfer of a plenary retail consumption license to any premises whose entrance was within 750 feet of the entrance to an existing licensed premises, but permitted an exception in the case of any existing licensee seeking a transfer who was compelled to vacate the licensed premises for any reason which, in the opinion of the local governing body, was not caused by any action on his part.
It should also be observed that the language of Rule 14, State Regulation No. 6, is permissive, not mandatory: transfers of licenses both as to person and place "may be applied for simultaneously and in a single application." This clearly implies the propriety of separate applications, as was done here.
As the Supreme Court pointed out in Fanwood v. Rocco, 33 N.J. 404, 414-415 (1960), on an appeal from the action of the local licensing board, the Director conducts a de novo hearing and makes necessary factual and legal determinations on the record before him. The settled practice is that he will affirm the municipality's grant or denial of the license transfer so long as the local board's exercise of judgment and discretion was reasonable. The appellate court, on review, will not interfere with his determination so long as it was not unreasonable or illegally grounded.
The language of section 3.29 of the Newark ordinance is clear and unambiguous, and this is expressly conceded by appellant. Despite the concession, it insists upon reading into the exception clause the requirement that the "same licensee" seeking the place-to-place transfer must intend to continue to operate his business at the new location. Nothing in the ordinance requires such construction. "Same licensee" refers to a licensee already holding a license within 600 feet of the premises to which the transfer is sought. Section 3.29 imposes no further limitation.
*77 Appellant argues that the "intent" of the ordinance was violated. Section 3.29, of course, makes no mention of what the transferor's intention might be. Although our goal in construing an ordinance is to discover and effectuate the local legislative intent, that intent must be found in the language used. See Brundage v. Randolph Tp., 54 N.J. Super. 384, 396 (App. Div. 1959), affirmed on opinion 30 N.J. 555 (1959); Wright v. Vogt, 7 N.J. 1, 5-6 (1951). Ordinances are to receive a reasonable construction and application, to serve the apparent legislative purpose. We will not depart from the plain meaning of language which is free of ambiguity, for an ordinance must be construed according to the ordinary meaning of its words and phrases. These are to be taken in their ordinary or popular sense, unless it plainly appears that they are used in a different sense. Sexton v. Bates, 17 N.J. Super. 246, 253 et seq. (Law Div. 1951), affirmed on opinion below, 21 N.J. Super. 329 (App. Div. 1952); 6 McQuillin, Municipal Corporations (3rd ed. 1949), § 20.47, p. 114; cf. R.S. 1:1-1. Applying ordinary meaning to the words "same licensee," there appears little reason for interpreting those words in the manner asserted by appellant.
In this connection, and indicative of the fact that the Board and the Director of the Division properly construed the exception in section 3.29 of the ordinance in accordance with the local legislative purpose, is the fact that Newark found it advisable to amend the ordinance in November 1961 as follows:
"1. (a) No plenary retail consumption license, except renewals for the same premises and transfers of licenses from person to person within the same premises, shall be granted or transfer made to other premises within a distance of one thousand feet from any other premises then covered by [a] any other plenary retail consumption license [b] or any plenary retail distribution license, provided, however, that the local license issuing authority may, in its discretion, grant a transfer of an existing license to the same licensee only, to other premises within six hundred feet of the premises from which the transfer is made, notwithstanding that the premises to which the license is so transferred is within one thousand feet of an existing *78 plenary retail consumption [licensed premises] license or plenary retail distribution license, provided, however, that such transfer shall be made in good faith and shall inure solely for the benefit of the same licensee." (Brackets indicate matter omitted from the original ordinance; italics indicate new matter.)
Thus, an existing license may now be transferred to the same licensee only, and the transfer must be made in good faith and inure solely for the benefit of the same licensee. While the provisions of the amendatory ordinance can have no determinative effect upon the outcome of the case before us, the fact that the Newark governing body considered this amendment advisable is clearly indicative of its understanding of the ordinance in effect at the time when the transfers here involved were approved: i.e., the words "same licensee" were to be given their common and popular meaning.
The effect of the amendment is discussed in 1 Sutherland, Statutory Construction (3rd ed. 1943), § 1930, p. 412 et seq.:
"* * * [T]he courts have declared that the mere fact that the legislature enacts an amendment indicates that it thereby intended to change the original act by creating a new right or withdrawing an existing one. Therefore, any material change in the language of the original act is presumed to indicate a change in legal rights. The legislature is presumed to know the prior construction of terms in the original act, and an amendment substituting a new term or phrase for one previously construed indicates that the judicial or executive construction of the former term or phrase did not correspond with the legislative intent and a different interpretation should be given the new term or phrase." (at pages 412-413)
and
"Not only is this presumption of change used in construing the provisions of the amendatory act, but it is frequently resorted to in litigation arising after the amendment to determine rights accrued under the original act. Thus, it is presumed that the provisions added by amendment were not included in the original act." (at page 415)
A change of language in a statute or ordinance ordinarily implies a purposeful alteration in substance. See Nagy v. Ford Motor Co., 6 N.J. 341, 348 (1951).
*79 Our consideration of the amendatory ordinance of November 1961, adopted several months after the granting of the transfer in question, indicates that the ordinance in effect at the time of the transfers did not have the meaning urged by appellant association. The words "same licensee" in the original ordinance were not modified by the word "only," nor was there a provision requiring the transfer to "inure solely for the benefit of the same licensee." Thus, the ordinance meant just what the Board and the Director construed it to mean  that licensee Smith was the "same licensee" applying for a transfer to the premises across the street at 773 South Orange Avenue, and was entitled to such a transfer.
Much of appellant's argument is devoted to the assertion that respondents "circumvented" the Newark ordinance. Forgetting for the moment that the language of the ordinance is clear and unambiguous, it is not inappropriate to note that there is a real distinction between avoiding the limitations of an ordinance and evading them. Avoidance of the prescriptions of a statute or ordinance is entirely permissible; evasion of its requirements falls outside the bounds of legal activity. This distinction is most often found in the field of taxation. For example, see Jones v. Grinell, 179 F.2d 873 (10 Cir. 1950); Distinctive Theatres of Columbus v. Looker, 165 F. Supp. 410, 411 (D.C. Ohio 1958).
Notwithstanding the fact that the Director may have considered that respondents circumvented the ordinance by avoiding it, he correctly determined that he would not question the discretionary authority of the Board to grant the transfers. At the hearing before the Board, counsel for appellant Smith, in answer to a question put by the chairman, stated that the application for a place-to-place transfer was bona fide. Continuing, he said:
"If he [counsel for appellant] is asking what our future intentions are, have we made any commitments, I say it is improper.
It is our intention to transfer this license, if you grant it."
*80 The Board, with knowledge of the pertinent facts, determined that licensee Smith came within the exceptive provision of section 3.29 in that he was the "same licensee" insofar as the place-to-place transfer was concerned. Respondents made known to the Board their reasons for proceeding in the manner they did. The ordinance and the steps taken by respondents to obtain the place-to-place and person-to-person transfers were argued at length, both before the Board and the Division hearer. Substantial testimony was introduced in support of the propriety of the actions taken. The Board, the hearer, and the Director were satisfied that what Smith did was compatible with the language of the ordinance. The Director was not bound to reverse the Board's decision unless he found its action unreasonable. As noted, he found no abuse of its discretion.
Although the interpretation of the ordinance is a question peculiarly suited to judicial treatment, and the opinions of the Board and Director would not be as persuasive as they would be on questions of fact within their purview, Jantausch v. Borough of Verona, 41 N.J. Super. 89, 96-97 (Law Div. 1956), affirmed 24 N.J. 326 (1957), the court in that case made clear that this does not mean that the views of the administrative bodies "should not receive respectful consideration." (at page 97); Cf. DeVita v. Housing Authority of City of Paterson, 17 N.J. 350, 357 (1955); No. Central Counties Retail Liquor, etc., v. Edison Tp., 68 N.J. Super. 351, 359 (App. Div. 1961).
Affirmed.