202 N.J. Super. 87 (1985)
493 A.2d 1304
INGANAMORT BROS. AND LASALA BROS., T/A MEDITERRANEAN TOWERS WEST, PLAINTIFFS-RESPONDENTS,
v.
BOROUGH OF FORT LEE, DEFENDANT-APPELLANT.
BOROUGH OF FORT LEE, PLAINTIFF,
v.
INGANAMORT BROS. AND LASALA BROS., T/A MEDITERRANEAN TOWERS WEST, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued May 7, 1985.
Decided June 3, 1985.
*89 Before Judges ANTELL, J.H. COLEMAN and SIMPSON.
Steven Muhlstock argued the cause for appellant (Melvin Gittleman, attorney; Steven Muhlstock on the brief).
Todd M. Sahner argued the cause for respondent (Hannoch, Weisman, Stern, Besser, Berkowitz & Kinney, attorneys; Carl G. Weisenfeld of counsel and Carl G. Weisenfeld and Todd M. Sahner on the brief).
The opinion of the court was delivered by, ANTELL, P.J.A.D.
This is an appeal by the Borough of Fort Lee taxing district from determinations of true value in the Tax Court for the tax years 1977 through 1980. Taxpayer brought one action for 1977 and the taxing district filed the other for 1978 and 1979. Prior to commencement of trial, taxpayer moved pursuant to the Freeze Act, N.J.S.A. 54:51A-8, for application of the Tax Court judgment for 1977 to the two assessment years following, 1978 and 1979. The Tax Court reserved on the motion and thereafter conducted a consolidated trial covering all years. It then found as true value for 1977, $15,363,800, for 1978, $16,722,800, and for 1979, $16,564,100. The Tax Court thereafter granted taxpayer's motion and applied the valuation for 1977 to the years 1978 and 1979.
Defendant contends that the Freeze Act becomes applicable only where a judgment for a particular year has become "final," and that such finality does not occur until after the right to an appellate remedy has either expired or has been exhausted.
*90 The statutory language in effect at the time of the judgments under review is found in N.J.S.A. 54:51A-8. It provides:
Where a final judgment has been rendered by the tax court involving real property the judgment shall be conclusive and binding upon the municipal assessor and the taxing district, parties to the proceeding, for the assessment year and for the 2 assessment years succeeding the assessment year covered by the final judgment, except as to changes in the value of the property occurring after the assessment date. [Emphasis added.]
The foregoing statute became effective January 28, 1983. L. 1983, c. 45. Previously it provided, in N.J.S.A. 54:2-43, as follows:
Where a judgment final has been rendered by the Division of Tax Appeals in the State Department of Taxation and Finance involving real property such judgment shall be conclusive and binding upon the municipal assessor and the taxing district, parties to such appeal, for the assessment year and for the two assessment years succeeding the assessment year covered by the final judgment, except as to changes in the value of the property occurring after the assessment date. [Emphasis added.]
The italicized language highlights the changes brought about by the 1983 amendment under which the Tax Court acted. In Curtiss Wright Corp. v. Wood-Ridge, 4 N.J. Tax 68 (Tax Ct. 1982), the Tax Court addressed the earlier statute and differentiated between "judgment final" and "final judgment" in the following way:
"Judgment final," as used in the Tax Court freeze act (N.J.S.A. 54:2-43), is not to be equated with "final judgment." As employed in the act, a final judgment becomes a judgment final when the period of appeal therefrom has terminated. [Id. at 73 n. 4].
We conclude that all amendments to the Freeze Act were intended to effectuate purposeful and meaningful changes in the statutory content. See Nagy v. Ford Motor Co., 6 N.J. 341, 348 (1951); Essex Co. Retail, etc. v. Newark, etc., Bev. Control, 77 N.J. Super. 70, 78 (App.Div. 1962). Clearly, the Legislature acted within the definitional framework provided during the preceding year by Curtiss Wright Corp. v. Wood-Ridge, supra. "When words used in a statute have previously received judicial construction, the Legislature will be deemed to be using them in the sense that has been ascribed to them." In re Estate of Posey, 89 N.J. Super. 293, 301 (Cty.Ct. 1965), aff'd *91 o.b. 92 N.J. Super. 259 (App.Div. 1966). Cf. Cox v. Hruza, 54 N.J. Super. 54, 61 (App.Div. 1959). Further, it is "assumed that the Legislature is thoroughly conversant with prior legislation and the judicial construction placed thereon." In re Estate of Posey, 89 N.J. Super. at 302. Courts are obliged "to give purposeful significance to words used by the legislature and if at all possible to give effect thereto." Lanning v. Hudson County Court of Common Pleas, 127 N.J.L. 10, 16 (Sup.Ct. 1941), aff'd o.b. 127 N.J.L. 604 (E. & A. 1941).
By substituting the phrase "final judgment" for "judgment final," shortly after Curtiss Wright, supra, differentiated the terms so as to signify that a "final judgment" is one for which appellate review is still available, the Legislature could only have intended to provide relief under the Freeze Act regardless of whether the right to an appellate remedy had expired or had been exhausted. Accordingly, we find no error in the Tax Court's application of the Act to the years in question.
In this case, as in the companion cases also decided today, Americana Associates v. Borough of Fort Lee, A-593-84T7, and Inganamort v. Borough of Fort Lee, A-5649-83T7, the Tax Court also concluded that the property enjoyed an unquantified value for its condominium conversion potential independent of its value as an income producing asset. However, because the taxing district failed in its proof as to the quantum of potential conversion value the Tax Court entered judgments for 1977 through 1979 based upon capitalized income. Although higher than the determinations of value reached by the County Board of Taxation, obviously these were lower than if additional value for conversion potential had been allowed. Defendant argues that having found "inherent conversion value" the Tax Court should have affirmed the original municipal assessments, that the Tax Court erred in rejecting evidence of conversion value for tax years 1977 through 1979 and failed to make sufficient findings of fact. We are unpersuaded *92 by these contentions and affirm substantially for the reasons given by the Tax Court in its written opinion of June 28, 1984 and those expressed by us in the companion cases mentioned above.
Affirmed.