PER CURIAM.
Plaintiff appeals from a judgment of the Tax Court establishing tax assessments for the years 1989 and 1990 of its properties located at 174 Passaic Street, 94 Hobart Place and 60 Hobart Place in Garfield.
Plaintiff argues that the Tax Court erred in denying its motion to stay the disposition of this matter until we decided its appeal from the Tax Court’s judgment establishing its assessments for the tax year 1988, because plaintiff upon, the conclusion of that appeal would have been entitled under N.J.S.A 54:51A-8, commonly known as the Freeze Act, to “freeze” the 1988 assessment established by that judgment for the following two years. However, plaintiff could have pursued its appeal of the judgment establishing its assessments for the 1988 tax year while at the same time claiming relief under the Freeze Act with respect to its assessments for the 1989 and 1990 tax years. Inganamort Bros. v. Borough of Fort Lee, 202 N.J.Super. 87, 91, 493 A.2d 1304 *177 (App.Div.), certif. denied, 102 N.J. 304, 508 A.2d 190 (1985). Therefore, we are satisfied that it is within the discretion of the Tax Court to determine whether to stay a complaint challenging an assessment for a subsequent tax year during the pendency of an appeal from a judgment establishing an assessment for a previous tax year. Plaintiff was not entitled to know the outcome of its appeal from the judgment establishing the assessment for the 1988 tax year before deciding whether to invoke the Freeze Act. Cf. Murnick v. Asbury Park, 5 N.J.Tax 406, 414 (Tax Ct.1983) (“The Freeze Act was not meant to be a vehicle for taxpayers to obtain lower assessments, but is a remedy to remove the necessity of yearly litigation in the face of unjustified annual increases in assessment.”), aff'd o.b., 193 N.J.Super. 1, 471 A.2d 1203 (App.Div.1983).
Plaintiff also argues that (1) the Tax Court committed reversible error when it refused to admit testimony as to the environmental conditions on its properties; (2) the Tax Court judgment increasing the assessment should be reversed since defendant failed to prove a common ratio; and (3) since the Tax Court judge heard plaintiff’s 1988 tax appeal, he should have recused himself from hearing its 1989 and 1990 tax appeals. These arguments are clearly without merit and do not require discussion. B. 2:11-3(e)(1)(E).
Affirmed.