KAHN, J.T.C.
This is the court’s opinion with respect to taxpayer’s motion for interim Freeze Act relief for the 1996 and 1997 tax assessments pursuant to N.J.S.A 54:51A-8. Taxpayer seeks to freeze the 1996 *392 and 1997 assessments based upon this court’s decision dated January 28, 1998 which set the assessments for the subject property with respect to tax years 1990 through 1995. At the time of taxpayer’s application herein, judgments in accordance with such decision had not yet been entered by the Tax Court.[1] The municipality opposes taxpayer’s motion for interim Freeze Act relief on two grounds. In the first instance, the municipality argues there is no authority for this court to grant interim Freeze Act relief. In the second instance, the municipality argues that taxpayer cannot obtain Freeze Act relief until the appeal period is exhausted. See Tamburelli Properties Ass’n v. Cresskill Bor., 308 N.J.Super. 326, 705 A.2d 1270 (App.Div.1998).
Although the municipality has argued that there is no authority for interim Freeze Act relief, the gravamen of the municipality’s opposition is the phraseology of the Freeze Act statute applicable to the Tax Court, N.J.S.A 54:51A-8. Specifically, the municipality contends that the phrases “judgment final” and “final judgment” have the same meaning: that Freeze Act relief can only be obtained after the judgment is no longer subject to appeal. See N.J.S.A 54:2-43, repealed and replaced by N.J.S.A 54:51A-8 (L. 1983, c. 45); see also Tamburelli, supra, 308 N.J.Super. at 336-337, 705 A.2d 1270. Thus, the municipality argues that the Legislature never intended to modify the substantive meaning of N.J.SA 54:2-43, when it changed the language in the Freeze Act from “judgment final” to “final judgment.” See N.J.S.A 54:51A-8 (L. 1983, c. 45).
*393 For the reasons set forth herein, this court denies taxpayer’s motion for interim Freeze Act relief based on N.J.S.A 54:51A-8 and its legislative history, N.J.S.A. 54:3-26, and Tamburelli, supra.
When a Tax Court judgment is entered, the Freeze Act applies to render the judgment conclusive and binding upon the municipality for the following two years. N.J.SA 54:51A-8. Our Supreme Court in City of Newark v. Fischer, 8 N.J. 191, 84 A.2d 547 (1951) articulated the purpose of the Freeze Act as follows:
The evil which the ‘freeze’ statute sought to remedy was repeated yearly increases in the assessed value of property, not related to or justified by any changes increasing its market value, and resulting in harassment of the taxpayer, subjecting him to the trouble and expense of annual appeals to the county tax board.
[Id. at 199-200,84 A.2d 547.]
With respect to judgments entered by a county board of taxation, N.J.S.A 54:3-26 provides:
Where no request for review is taken to the Tax Court to review the action or determination of the county board involving real property, the judgment of the county board shall be conclusive and binding upon the municipal assessor and the taxing district for the assessment year, and for the two assessment years succeeding the assessment year, covered by the judgment, except as to changes in value of the property occurring after the assessment date.
With respect to judgments entered by the Tax Court, N.J.S.A. 54:51A-8 provides:
Where a final judgment has been rendered by the tax court involving real property, the judgment shall be conclusive and binding upon the municipal assessor and the taxing district, parties to the proceeding, for the assessment year and for the 2 assessment years succeeding the assessment year covered by the final judgment, except as to changes in the value of the property occurring after the assessment date. Where those changes are alleged, the complaint shall specifically set forth the nature of the changes relied upon as the basis for the appeal. However, the conclusive and binding effect of the judgment shall terminate with the tax year immediately preceding the year in which a program for a complete revaluation of all real property within the district has been put into effect.
The prior version of this statute, N.J.SA 54:2-43, was repealed and replaced by N.J.S.A. 54:51A-8 (L. 1983, c. 45). Specifically, N.J.SA 54:2-43 required a “judgment final” before relief could be obtained under the Freeze Act. “Judgment final” was interpreted to mean a judgment from which “the appeal period therefrom has been terminated.” Curtiss Wright Corp. v. Wood-Ridge Bor., 4 *394 N.J.Tax 68, 73, n. 4 (1982). When the Tax Court Freeze Act statute, N.J.S.A. 54:2-43, was replaced by N.J.S.A 54.-51A-8, the phrase “judgment final” was replaced by the phrase “final judgment.” This substitution of language has been held to provide relief to taxpayers under the Act, irrespective of whether the right to an appellate remedy was exhausted or expired. See Inganamort Bros. v. Borough of Fort Lee, 202 N.J.Super. 87, 91, 493 A.2d 1304 (App.Div.), certif. denied, 102 N.J. 304, 508 A.2d 190 (1985).[2]
However, in a recent Appellate Division decision, Tamburelli Properties Ass’n v. Bor. Cresskill, supra, 308 N.J.Super. 326, 705 A.2d 1270, the court reviewed the meaning of “final judgment” as contained in N.J.S.A. 54:51A-8:
Cresskill sought to apply the holding of Curtiss-Wright Corp. v. Wood-Ridge, 4 N.J.Tax 68 (Tax 1982), that if a judgment was appealed to the Appellate Division and remained undecided, there was no “judgment final” as contemplated by N.J.S.A 54:2-43, the predecessor statute, and the Freeze Act would not apply. When that section was re-enacted in the general revision of the tax laws in 1983, it became N.J.S.A 54:51A-8. Although the enacted version used the term “judgment final,” revision by the Legislative Counsel of the Office of Legislative Services concurred in by the Attorney General, changed it to “final judgment.” See N.J.S.A 1:3-1. Unaware of this circumstance, in Inganamort Bros. v. Borough of Fort Lee, 202 N.J.Super. 87, 91, 493 A.2d 1304 (App.Div.), certif. denied, 102 N.J. 304, 508 A.2d 190 (1985), we held the change was intended to be substantive and the Legislature meant to allow a freeze judgment to be entered as soon as the tax court issued its ruling, instead of awaiting the outcome of the appellate ruling on the underlying assessment. Curtiss-Wright, was therefore deemed inapplicable to Inganamort Bros. In light of the revelation of how the language was changed when the revision was adopted, Inganamort was probably decided incorrectly.
[Id. at 336-37, 705 A.2d 1270.]
In addition to its review of the legislative history, the Appellate Division compared the language contained in both the county board and Tax Court “freeze” statutes, N.J.S.A 54:3-26 and N.J.S.A 54:51A-8, respectively, and determined the comparison “supported the conclusion that the term ‘final judgment’ in the *395 Tax Court Freeze Act means a ‘judgment final,’ that is, one no longer subject to further appeal.” Id. at 337, 705 A.2d 1270. The Appellate Division further explained that “[tjhere is no reason to believe that the Legislature intended the Freeze Act to apply to a Tax Court determination that remains on appeal, but not to a County Board of Taxation determination that is on appeal.” Ibid![3] This court will follow the Tamburelli court’s careful analysis of N.J.SA. 54:3-26 and N.J.S.A. 54:51A-8.
As explained by The Appellate Division in Inganamort Bros. v. Fort Lee Bor., supra, if the amendment of language in N.J.S.A. 54:51A-8 is read as a substantive change, 202 N.J.Super. at 91, 493 A.2d at 1306, the effects of the Freeze Act differ at the county boards and the Tax Court. Thus, taxpayers who are able to file direct appeals pursuant to N.J.S.A 54:3-21 to the Tax Court can immediately receive Freeze Act relief, while those taxpayers filing appeals at the county board must wait until appeal rights to the county board expire. As such, taxpayers having property assessments in excess of $750,000 receive more favorable treatment than those taxpayers having lower tax assessments. This court finds there is no basis for concluding that the Legislature intended to provide disparate Freeze Act relief for appeals filed at the county board and those filed at the Tax Court.
This court also reviewed the legislative history of N.J.S.A. 54:51A-8. According to such history, the language change of “judgment final” to “final judgment” in N.J.SA 54:51A-8 resulted from an exercise of authority by the Office of the Legislative Services pursuant to N.J.SA 1:3-1, which empowers the Office of Legislative Services to correct technical errors in legislation that will not affect the substance of the law.3 [4] The authority of the
*396 Office of Legislative Services to change the phrase “judgment final” to “final judgment” was based on the theory that such a change corrected a grammatical error, not one of substance.[5] This determination is further supported by other corrections made in Chapter 45 of the Laws of 1983.[6] As such, this court finds the amendment of the phrase, “judgment final” to “final judgment” was an attempt by the Office of Legislative Services to correct what it perceived to be a grammatical error, not a substantive change in the law. The result, therefore, could not have the effect of changing the substantive meaning of the Freeze Act language.
Although the Tamburelli court did not rule on the applicability of the Freeze Act, this court finds that the Appellate Division provided guidance on the language of N.J.S.A 54:51A-8. As such, this court refers, and gives deference, to the Appellate Division’s analysis of the Freeze Act legislation. Accordingly, this court denies taxpayer’s application for Freeze Act relief at this time. When all appeals have been exhausted or the appeal period has expired without the taking of an appeal, the motion for Freeze Act relief may be reviewed.
Since the 1995 tax year assessment, the base year assessment for Freeze Act relief for the 1996 and 1997 tax years, is currently under appeal before the Appellate Division, this court finds the taxpayer is not entitled to Freeze Act relief until the appeal period is exhausted. See Tamburelli Properties Ass’n v. Cresskill Bor., supra, 308 N.J.Super. 326, 705 A.2d 1270. For the foregoing
*397 reasons, taxpayer’s motion to apply the Freeze Act to the 1996 and 1997 assessments, based on the 1995 tax year, is hereby denied without prejudice.

 Taxpayer's application for interim Freeze Act relief is dated February 13, 1998. The Tax Court judgment for the base year, 1995, was not entered until February 27, 1998. Oral argument of taxpayer's motion was heard on March 20, 1998. The parties mutually filed appeals to the Appellate Division. The municipality filed its appeal on March 13, 1998, and the taxpayer’s cross-appeal was filed on April 3, 1998. The Appellate Division returned the municipality's appeal because separate appeals should have been filed for each tax year at issue. Thereafter, the municipality filed a proposed order with this court to consolidate tax years 1990-1995. This court denied consolidation on April 28, 1998 because this court is without authority to consolidate said matters for the purposes of appeal to the Appellate Division.

 The Appellate Division determined the language change from "judgment final" to "final judgment" meant that "the Legislature could only have intended to provide relief under the Freeze Act regardless of whether the right to an appellate remedy had expired or been exhausted." Inganamort Bros. v. Fort Lee Bor., 202 N.J.Super. 87, 91, 493 A.2d 1304 (App.Div.), certif. denied 102 N.J. 304, 508 A.2d 190 (1985). See also Clearview Gardens Assocs. v. Parsippany-Troy Hills Tp., 196 N.J.Super. 323, 329, 482 A.2d 523 (App.Div. 1984).

 When making the comparison between the Freeze Act statutes applicable to the Tax Court and the County Board, the Appellate Division focused on the language of the County Board Freeze Act statute, N.J.S.A. 54:3-26, which states: "Where no request for review is taken to the Tax Court to review the action or determination of the county board involving real property----”

 See Office of Legislative Services, Legislative Counsel’s Comment on Correction of Errors, pursuant to N.J.S.A. 1:3-1 (March 4, 1983).

 ibid.

 Such corrections include:
N.J.S.A. 54:51A-6 Line 2 After "section" insert"."
N.J.S.A. 54:51A-8 Line 2 Omit "judgment final” insert "final judgment”
N.J.S.A. 54:51A-8 Line 15 After "c. 36” omit insert”,”
N.J.S.A. 54:51A-10 Line 9 Omit "exept" insert "except"
[Office of Legislative Services, Legislative Counsel's Comment on Correction of Errors, pursuant to N.J.S.A. 1:3-1 (March 4, 1983).]