93 N.J. Super. 451 (1967)
226 A.2d 182
JOSEPH STAUHS, APPELLANT,
v.
BOARD OF REVIEW, DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 5, 1966.
Decided January 23, 1967.
*453 Before Judges CONFORD, FOLEY and LEONARD.
Mr. Bernard P. Hughes argued the cause for appellant.
Mr. Edward A. Kaplan argued the cause for respondent.
The opinion of the court was delivered by LEONARD, J.A.D.
Claimant-appellant appeals from a final determination of the Board of Review, Division of Employment Security, Department of Labor and Industry, affirming a decision of the Appeal Tribunal that the claimant was disqualified from receiving unemployment benefits under N.J.S.A. 43:21-5(a) for leaving work "* * * voluntarily without good cause attributable to such work * * *."
Claimant, aged 62, was a federal employee of the United States Post Office in Newark for approximately 40 years until December 30, 1965. He was a special delivery dispatcher and sorter. His work required that he walk up and down 35 steps *454 approximately every 20 minutes to pick up the special delivery mail, take it down, cancel it, and distribute it to messengers on their runs. He also was required to answer some 60 to 85 telephone calls a day.
On June 27, 1965 claimant underwent surgery for the removal of a tumor of the larynx. Evidently portions of his vocal cords were also removed in that operation. About five weeks after the operation he returned to work and attempted to perform his regular duties. He testified that following the operation his doctor advised him that the use of his voice in his work and the climbing of the stairs would be detrimental to his health. The physician asserted that the physical exertion required by claimant's employment prevented proper healing and he recommended that he seek other work.
During the middle of September 1965 claimant asked his supervisor for a transfer to other duties which would not involve the use of his voice or the climbing of stairs. He was told that no other assignment was available to him at the post office, and he remained at his regular position at the request of his supervisor until the end of the year in order to assist in the busy Christmas season. On December 30, 1965 he retired on a pension of $370 per month, stating that he did so "on the advice of my physician who recommends I seek lighter employment because of my physical condition * * *." On January 12, 1966 claimant filed a claim for unemployment benefits in which he indicated that he was not working because "he retired on advice of doctor."
It is conceded that even though claimant was a federal employee his right to compensation must be determined under the New Jersey Unemployment Compensation Law. We therefore first review the pertinent statutory provision, N.J.S.A. 43:21-5.
The original act, L. 1936, c. 270, § 5, provided that
"An individual shall be disqualified for benefits: (a) For the week in which he has left work voluntarily without good cause, and for each week thereafter until he has earned in employment * * * at least four times his weekly benefit rate * * *."
*455 This act was amended in 1961 and now provides:
"An individual shall be disqualified for benefits: (a) For the week in which he has left work voluntarily without good cause attributable to such work, and for each week thereafter until he has earned in employment * * * at least 4 times his weekly benefit rate * * *." (Emphasis added)
Appellant does not contend that either his illness or the operation performed upon him were caused by his work. Rather, he asserts that following the operation the daily chores required of him in this work were detrimental to his existing physical condition, and since his physician advised him to leave his position, he did so with "good cause attributable to such work."
To the contrary, respondent urges that under the amendment appellant is disqualified from compensation benefits because his disability was not causally related to his work and therefore not "attributable" thereto.
The resolution of the issue thus presented requires the construction of the amendatory words "attributable to such work." Claimant urges liberal construction in order to further the remedial and beneficial purposes of the act. See Campbell Soup Co. v. Division of Employment Security, 13 N.J. 431, 436 (1953). Even though that principle is apt, we nevertheless cannot ignore the eligibility and disqualification provisions of the act. They are designed to preserve the fund for the payment of benefits to those individuals entitled thereto, and to protect it against the claims of others who would prefer benefits to suitable jobs. The basic policy of the law is advanced as well when benefits are denied in improper cases as when they are allowed in proper cases. Kraus v. A. & M. Karagheusian, Inc., 13 N.J. 447, 455 (1953).
We first consider the judicial construction of the disqualification section of the original act. The leading case prior to amendment was Kraus, supra, wherein the court said:
*456 "What is `good cause' must reflect the underlying purpose of the act to relieve against the distress of involuntary unemployment. The seeming paradox of allowing benefits to an individual whose unemployment is of his own volition disappears when the context of the words is viewed in that light. The Legislature contemplated that when an individual voluntarily leaves a job under the pressure of circumstances which may reasonably be viewed as having compelled him to do so, the termination of his employment is involuntary for the purposes of the act. In statutory contemplation he cannot then reasonably be judged as free to stay at the job. Unlike the statutes of some states, the New Jersey act does not require that `good cause' be `connected with the work' or `attributable to the work.' Therefore, `good cause' may also lie in extraneous factors exerting compulsive pressure upon the claimant and causing him to quit. * * *" (at p. 464; emphasis added)
Thereafter, relying upon Kraus we held that:
"The voluntary termination of employment does not bar the statutory relief in all cases. That result follows only when good cause for doing so does not exist. * * * Manifestly, good cause may have a work connected origin or may arise from compelling personal reasons. * * * In either case the worker's physical and mental condition in relation thereto is a proper subject of consideration, * * *." Board of Review, etc. v. Kearfott Mfg. Corp., 46 N.J. Super. 39, 45 (App. Div. 1957)
As noted, the court in Kraus, in arriving at its conclusion specifically relied upon the factor that unlike the statutes of some states, the New Jersey Act does not require that "good cause" be "connected with the work" or "attributable to the work."
It was in this judicial atmosphere that our Legislature passed the 1961 amendment. At that time the Legislature presumably knew the prior construction of the original act. The amendment, "attributable to such work," indicates that the judicial construction of the former statutory language was not consonant with the current legislative view of sound policy on the subject and calls for a fresh judicial construction of the disqualification provisions of the act. See Essex County Retail, etc. v. Newark, etc. Beverage Control, 77 N.J. Super. 70, 78 (App. Div. 1962), citing therein 1 Sutherland, Statutory Construction (3d ed. 1943), § 1930, pp. 412-413. *457 A change in language in a statute ordinarily implies a purposeful alteration in substance. Essex County Retail, etc., supra, at p. 78.
We have had occasion to consider this amendment in two cases: Morgan v. Board of Review, 77 N.J. Super. 209 (App. Div. 1962) and Zielenski v. Board of Review, 85 N.J. Super. 46 (App. Div. 1964). In each the court held that the burden of proof is upon claimant to establish that his voluntary separation from his employment was for good cause attributable to such work.
In Morgan we noted (at p. 213) that prior to the amendment the term "good cause" was construed to include causes personal to the claimant though unconnected with the work. The court therein held (at p. 214) that "[a]n employee's problem of commuting to and from his work may be considered a good personal reason for leaving his employment, but it is not ordinarily to be considered a cause that is connected with or attributable to the work." (Emphasis added) Accordingly, the court affirmed the determination of the Board of Review that claimant was disqualified from unemployment benefits.
In Zielenski the court likewise upheld the Board's finding of disqualification where the claimant quit his job because of the unsteadiness thereof and because he was dissatisfied with his working conditions.
It is noted that neither of these cases treats with the specific issue presently before us. Neither counsel has cited a reported case that does, and we have been unable to find one. Nevertheless, based upon the legislative history outlined, we determine that the intention of the Legislature in passing the 1961 amendment was to exclude from the term "good cause" as it is used in the disqualification section of the Unemployment Compensation Law, all causes personal to a claimant which are not connected with the work. We therefore conclude that a claimant who quits his job because his work duties are detrimental to an existing physical condition or state of health which did not have a work-connected origin *458 has left his work voluntarily without good cause "attributable to such work" and he is disqualified from unemployment benefits.
In Bussmann Mfg. Co. v. Industrial Com'n of Missouri, 327 S.W.2d 487 (Mo. App. 1959) the court, in construing a similar statute, said:
"The Missouri Employment Security Law uses the word `attributable' * * * and we believe the legislature's purpose in using that specific language was to require a causal connection between the disability and the work of the claimant. To hold otherwise would be to negate the meaning of the word `attributable' and the legislature's clear intention by the insertion of the clause `attributable to his work * * *.'" (at p. 491; emphasis added)
For the above reasons we concur in the determination of the Board of Review.
Judgment affirmed.