VIRGINIA DELORENZO, PLAINTIFF-APPELLANT, v. BOARD OF REVIEW, DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, AND M & S KNITWEAR, DEFENDANTS-RESPONDENTS.

Argued January 6, 1969—
Remanded January 20, 1969—Decided after remand July 1, 1969.

*Mr. Sidney Reitman* argued the cause for appellant (*Mr. Irving Leuchter,* of counsel; *Messrs. Kapelsohn, Lerner, Leuchter and Reitman,* attorneys).

*Mr. Edward A. Kaplan* argued the cause for respondent Board of Review.

PER CURIAM. Claimant became ill from causes unrelated to her employment. She claimed and received unemployment compensation for a period after the termination of her illness. The Division of Unemployment Benefits thereafter determined she had been disqualified from receiving those benefits and had to refund them. The Appellate Division affirmed, 100 *N. J. Super.* 473 (1968), and we granted certification, 52 *N. J.* 165 (1968). After argument, we remanded the matter to the Board of Review, 53 *N. J.* 143 (1969), and now have before us the agency's new findings of fact and opinion.

*N. J. S. A.* 43:21–5(*a*) provides:

"An individual shall be disqualified for benefits:
(a) For the week in which he has left work voluntarily without good cause *attributable to such work,* and for each week thereafter until he has earned in employment * * * at least 4 times his weekly benefit rate, * * *."

The italicized words were added by amendment in 1961.

Claimant contends there is no disqualification unless the quit was (1) voluntary *and* (2) "without good cause attributable to such work." Hence, claimant argues, if an em-

ployee's quit was *involuntary* in fact, there is no disqualification whether or not the cause for the quit was related to the work. So, if claimant quit her job because of an illness which precluded resumption of that job, the quit was compelled and therefore involuntary, and hence the first essential element of disqualification, *i. e., a voluntary* quit, did not exist even though the cause for that quit was not "attributable to such work." The Appellate Division disagreed, and following *Stauhs v. Bd. of Review,* 93 *N. J. Super.* 451 (*App. Div.* 1967), held that a quit for a cause not "attributable to such work" was *voluntary* within the sense of the disqualifying clause as amended in 1961. We agree. The sense of the statute is to differentiate between (1) a voluntary quit with good cause attributable to the work and (2) a voluntary quit without good cause attributable to the work.

But the statute disqualifies an employee who has quit, *i. e.,* who "has left work," and we could not tell whether the finding of disqualification turned upon the proposition that a workman who becomes ill and unable to report to work thereby "has left work" even though the employee intends to resume the job upon his recovery. Hence we remanded the matter in these terms, 53 *N. J.,* at 146,

"* * * We therefore remand the matter to the Board of Review (1) for explicit findings with respect to whether the employee did seek to return to her job and (2) for an explicit statement as to whether it holds (a) that a failure to report for work because of illness (not attributable to the work) is itself a voluntary quit which disqualifies the employee for benefits after recovery even though he seeks to return to the job and is refused work, or (b) that the disqualification arises only upon a finding that the employee in fact decided to terminate the employment. Under the circumstances it would be well to permit the parties to present further proof on the factual issue."

Upon a further hearing, the Board held for the claimant, finding that she did not intend to give up her job; that upon recovery from her illness she sought to return to her employment but no work was available; and that her subsequent efforts to find work were unrewarding. As to the question

whether a mere failure to work because of illness constitutes a quit within the intent of this statute, the Board said:

"The Board of Review does not now hold that a failure to report for work because of illness (not attributable to the work) is itself a voluntary quit which disqualified the employee for benefits after recovery, even though he seeks to return to the job and is refused work.

The Board now holds that when an employee becomes ill and does those things reasonably calculated to protect the employment and, notwithstanding that she is not reinstated, there is no voluntary leaving of work. In these matters involving separation from employment for health reasons, the Board now holds that the disqualification arises only upon a finding that the employee, in fact, decided to terminate the employment because the work duties are detrimental to an existing physical condition or state of health which did not have a work connected origin."

We think this view of the statute is correct.

Upon the basis of the Board's findings on the remand, the judgment is reversed.

*For reversal*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.