**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2899-15T4

HALINA PELCZAR,

    Appellant,

v.

BOARD OF REVIEW, DEPARTMENT
OF LABOR, and A&E CLOTHING
CORPORATION,

    Respondents.

_____

Submitted May 15, 2017 — Decided May 30, 2017

Before Judges Yannotti and Gilson.

On appeal from the Board of Review, Department
of Labor, Docket No. 064,044.

Halina Pelczar, appellant pro se.

Christopher S. Porrino, Attorney General,
attorney for respondent Board of Review,
Department of Labor (Melissa Dutton Schaffer,
Assistant Attorney General, of counsel; Emily
M. Bisnauth, Deputy Attorney General, on the
brief).

Ann F. Kiernan, attorney for respondent A&E
Clothing Corporation.

PER CURIAM

Halina Pelczar appeals from a February 11, 2016 final decision of the Board of Review (Board), which reversed the determination of the Appellant Tribunal and held that Pelczar was disqualified for unemployment benefits under N.J.S.A. 43:21-5(a) because she left her job voluntarily without good cause attributable to the work. We remand this matter to the Board for further proceedings because there were disputed issues concerning whether Pelczar informed her employer that she could only return to light-duty work due to a medical condition and whether such light-duty work was available.

Pelczar was employed by A&E Clothing Corporation (A&E or employer) as a clothing sorter from March 28, 2011, until May 31, 2015. Her job duties required her to push a cart full of clothing weighing upwards of 180 pounds and to sort and fold items using repetitive motions. On January 8, 2015, Pelczar suffered a medical incident unrelated to her work.[1] Thereafter, Pelczar never returned to work.

Initially, A&E placed Pelczar on medical leave and Pelczar obtained three notes from her treating physician. Each note explained that Pelczar needed more time to recover before she could return to work, with the final note stating that Pelczar

---

[1] Pelczar states that she suffered a stroke, but there is no medical documentation establishing the nature of the medical incident.

should be available to return to work on June 1, 2015. On May 28, 2015, Pelczar submitted a resignation form to her employer.

On June 7, 2015, Pelczar applied for unemployment benefits. The Deputy Director of the Division of Unemployment and Disability Insurance determined that Pelczar was disqualified for benefits because she left work voluntarily without good cause attributable to the work. Pelczar administratively appealed to the Appeal Tribunal.

The Appeal Tribunal conducted a hearing on August 25, 2015, and Pelczar appeared telephonically, but her employer did not participate. Pelczar testified that while she was on medical leave, she updated her employer with her doctor's instructions and the employer did not request any further documentation. Pelczar also testified that her physician informed her that she could return to work in a light-duty capacity beginning on June 1, 2015. According to Pelczar, her physician informed her that she was not permitted to do any heavy lifting, standing for long periods of time, or bending excessively. Pelczar went on to testify that in May 2015, she spoke to the owner of A&E and related to her the doctor's restrictions on her ability to perform heavy-duty work. Pelczar then testified that her employer informed her that the company did not have any light-duty work available for her. Accordingly, Pelczar was directed to resign and she submitted a

resignation form, which identified the reason for her leaving employment as "health problem[.]"

At the request of the Appeal Tribunal, Pelczar later submitted a note from her treating physician. That note, which was dated August 25, 2015, stated that Pelczar "continue[d] to have headaches and dizziness" related to her medical condition, and "should avoid bending, heaving lifting, pushing or pulling, which are integral to her work."

Based on Pelczar's testimony, the Appeals Examiner found that Pelczar notified her employer of the work restrictions that her doctor prescribed. The Examiner also found that A&E did not have work available for Pelczar within her medical condition restrictions. The Examiner then concluded that N.J.S.A. 43:21-5(a) did not apply because Pelczar had not left work voluntarily.

The employer filed an appeal to the Board. In a letter, it alleged that Pelczar did not inform anyone that she was able to return to light-duty work. The employer also acknowledged that had Pelczar made such request, it would have determined if a position was available and may have been able to accommodate Pelczar by offering her a position that would not aggravate her health condition.

On February 11, 2016, the Board reversed the Appeal Tribunal's decision. The Board stated that it was accepting the factual

findings made by the Appeal Tribunal. The Board went on to explain that because Pelczar's medical condition was not caused by the work, and because she could not perform her job duties, she left her employment without good cause attributable to the work. In reaching that conclusion, the Board cited and relied on our decision in Stauhs v. Bd. of Review, 93 N.J. Super. 451 (App. Div. 1967). The Board then held that Pelczar was disqualified from receiving benefits under N.J.S.A. 43:21-5(a).

Pelczar appeals and argues that she left her work because her medical condition prevented her from performing heavy-duty work and A&E had informed her that it could not accommodate her because there was no light-duty work available.

Our review of administrative agency decision is limited. Bradley v. Bd. of Review, 152 N.J. 197, 210 (1997). "If the Board's factual findings are supported 'by sufficient credible evidence, [we] are obligated to accept them.'" Ibid. (quoting Self v. Bd. of Review, 91 N.J. 453, 459 (1982)). "Unless . . . the agency's action was arbitrary, capricious, or unreasonable, the agency's ruling should not be disturbed." Ibid.

An individual is disqualified for unemployment benefits if he or she has "left work voluntarily without good cause attributable to such work[.]" N.J.S.A. 43:21-5(a). An employee who has left work voluntarily bears the burden of proving that he

or she "did so with good cause attributable to work." Bradley, supra, 152 N.J. at 218 (citing Zielenski v. Bd. of Review, 85 N.J. Super. 46, 52 (App. Div. 1964)); N.J.A.C. 12:17-9.1(c). "While the statute does not define 'good cause,' our courts have construed the statute to mean 'cause sufficient to justify an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed.'" Domenico v. Bd. of Review, 192 N.J. Super. 284, 287 (App. Div. 1983) (quoting Condo v. Bd. of Review, 158 N.J. Super. 172, 174 (App. Div. 1978)).

An employee who leaves work for good, but personal, reasons is not deemed to have left work voluntarily with good cause. Bradley, supra, 152 N.J. at 213. Thus, an employee who leaves work for personal reasons is subject to disqualification under N.J.S.A. 43:21-5(a). Morgan v. Bd. of Review, 77 N.J. Super. 209, 212-13 (App. Div. 1962). There is, however, a limited exception to this general rule under the Board's regulations. N.J.A.C. 12:17-9.3(b) provides, in pertinent part:

> An individual who leaves a job due to a physical and/or mental condition or state of health which does not have a work-connected origin but is aggravated by working conditions will not be disqualified for benefits for voluntarily leaving work without good cause "attributable to such work," provided there was no other suitable work available which the individual could have performed within the limits of the disability.

6

An employee who is unable to work because of illness and "makes an attempt to protect his or her employment" is not deemed to have voluntarily quit without good cause attributable to the work. Ardan v. Bd. of Review, 444 N.J. Super. 576, 585 (App. Div. 2016).

Here, A&E raised a factual dispute concerning whether Pelczar informed her employer of the limitations on her ability to return to work and whether alternative work or light-duty work was available. That issue was not raised before the Appeal Tribunal. Instead, the issue was raised in a letter appealing the decision of the Appeal Tribunal to the Board. The Board did not conduct further factual findings. Instead, the Board relied on the factual findings made by the Appeal Tribunal, but reached a different legal conclusion.

Under N.J.A.C. 1:12-14.3(a), the Board may consider an appeal "upon the evidence in the record made before the appeal tribunal," or may direct the taking of further evidence before the Board. N.J.A.C. 1:12-14.3(c) further provides that the Board may in its discretion "remand any claim or any issue involved in a claim to an appeal tribunal for the taking of such additional evidence as the Board . . . deem necessary."

Our decision in Stauhs, supra, 93 N.J. Super. at 451, does not support a purely legal conclusion that Pelczar is disqualified from receiving benefits. Here, in contrast to the facts in Stauhs,

Pelczar provided proof that she could return to light-duty work. Moreover, there was no evidence in the record that the employer could not accommodate Pelczar by allowing her to do light-duty work. Furthermore, in <u>Stauhs</u>, we did not address <u>N.J.A.C.</u> 12:17-9.3(b) because that regulation became effective in June 1998, and <u>Stauhs</u>, <u>supra</u>, 93 <u>N.J. Super.</u> at 451, was issued in 1967.

Here, the Board needed to resolve several disputed issues before it could make a ruling. Indeed, the employer raised factual disputes in its appeal to the Board, but the Board made no further factual determinations to resolve those disputes. Thus, we remand this matter to the Board. The Board should refer the matter to the Appeal Tribunal for taking further evidence so that the factual issues can be resolved.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2899-15T4