NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2226-15T1

TINA ZIPPIN,

 Appellant,

v.

BOARD OF REVIEW, DEPARTMENT
OF LABOR and JUST HOME, INC.,

 Respondents.
___________________________________

 Argued March 21, 2017 – Decided November 27, 2017

 Before Judges Ostrer and Vernoia.

 On appeal from the Board of Review, Department
 of Labor and Workforce Development, Docket No.
 043,777.

 Richard J. Bennett argued the cause for
 appellant (Central Jersey Legal Services,
 Inc., attorneys; Mr. Bennett, on the brief).

 Adam K. Phelps, Deputy Attorney General,
 argued the cause for respondent Board of
 Review (Christopher S. Porrino, Attorney
 General, attorney; Melissa Dutton Schaffer,
 Assistant Attorney General, of counsel; Mr.
 Phelps, on the brief).

 Respondent Just Home, Inc. has not filed a
 brief.
 The opinion of the court was delivered by

OSTRER, J.A.D.

 Tina Zippin appeals from the decision of the Board of Review,

denying her unemployment benefits because she left her job

voluntarily, without good cause attributable to work. We affirm.

 Many of the facts are undisputed. Tina Zippin was working

as an aide for an adult day care facility, Just Home, Inc., when

her mental health condition prevented her from continuing. She

stated that a change in her medication was the cause. Her

supervisor referred her to a nurse practitioner who concluded she

was unable to work, and recommended that Zippin apply for short

term disability (which she never did).

 Zippin did not communicate with her employer for the next

three weeks. Her employer tried without success to reach her by

telephone to learn the status of her recovery. Absent any word,

her supervisor wrote a letter to Zippin stating:

 As of today, you did not contact us to give
 us [an] update on your situation or to give
 us a date when you will be able to return to
 work. We were trying to reach you after our
 last conversation [three weeks ago] with no
 result.

 Because of all the above, I am assuming that
 you have abounded [sic]1 your position in Just
 Home as a Direct Aid.

1
 The parties do not dispute that the author meant to write
"abandoned."

 2 A-2226-15T1
 Please feel free to contact me should you have
 any questions/concerns.

The letter was sent certified mail, with return receipt requested.

Shortly thereafter, Just Home mailed to Zippin her personal

belongings that she left at the workplace.

 Zippin testified she was too disabled to communicate with her

employer. She signed for the letter three weeks after it was

mailed. She said she was hospitalized for ten days during that

period. Shortly after she received the letter, Zippin stopped by

her employer's place of business. She inquired about returning

to work, but admitted that she was not then able to do so, as she

was still receiving intensive out-patient treatment. She was told

she would need to present medical proof that she was able to work.

Zippin understood that she would be able to return when she was

well enough. Yet, she never presented herself to her employer as

willing and able to return to work, nor did she provide required

medical documentation.

 Instead, less than three months after her last day of work,

she applied for unemployment insurance. The deputy denied her

benefits. At her Appeal Tribunal hearing five months after her

last day of work, she conceded she was not ready to work, because

she was still in treatment three days a week. Her employer's

 3 A-2226-15T1
representative testified that Zippin could return to work if she

provided the necessary medical proof.

 The Tribunal reversed the deputy's decision, finding that the

employer terminated her employment by its letter stating it assumed

she abandoned her job. The Board reversed, concluding the letter

did not terminate Zippin; rather, "[i]t told [Zippin] that the

employer considered that she abandoned her job and [she] could

contact them." Furthermore, Zippin "never attempted to return to

work or contact the employer . . . . [She] left her job voluntarily

and did so without good cause attributable to the work."

 On appeal, Zippin contends she was entitled to benefits as

she left work because of illness, and then her employer terminated

her by way of the letter quoted above. We are unpersuaded.

 Well-settled principles guide our analysis. A person is

generally disqualified from receiving unemployment benefits if he

or she "has left work voluntarily without good cause attributable

to such work . . . ." N.J.S.A. 43:21-5(a). A person is deemed

to have done so when he or she leaves work because of a health

condition that is not work-related but disables the person from

returning. N.J.A.C. 12:17-9.3(b) ("When a non-work connected

physical and/or mental condition makes it necessary for an

individual to leave work due to an inability to perform the job,

 4 A-2226-15T1
the individual shall be disqualified for benefits for voluntarily

leaving work.").

 Even if a worker does not expressly say, "I quit," an employer

may conclude the worker has abandoned work if he or she is "absent

from work for five or more consecutive work days and . . . without

good cause fails to notify the employer of the reasons for his or

her absence . . . ." N.J.A.C. 12:17-9.11. "Good cause" for not

communicating with the employer "means any situation over which

the claimant did not have control and which was so compelling as

to prevent the employee from notifying the employer of the

absence." Ibid. An abandoned job is treated as voluntarily

leaving work without good cause attributable to work. Ibid.

 However, the worker is not deemed to have voluntarily quit

work if he or she leaves work due to illness — intending to return

— and makes a reasonable effort to preserve his or her job, but

the employer refuses to allow the worker to return and terminates

employment. N.J.A.C. 12:17-9.3(c) ("[A]n individual who has been

absent because of a personal illness or physical and/or mental

condition shall not be subject to disqualification for voluntarily

leaving work if the individual has made a reasonable effort to

preserve his or her employment, but has still been terminated by

the employer.") (emphasis added).

 5 A-2226-15T1
 We exercise a limited review of the Board's decision. Brady

v. Bd. of Review, 152 N.J. 197, 210 (1997). The critical question

here is whether Just Home terminated Zippin by way of its certified

letter. We defer to the Board's factual finding that it did not,

as the Board relied on sufficient credible evidence in the record.

See Lourdes Med. Ctr. of Burlington Cnty. v. Bd. of Review, 197

N.J. 339, 367 (2009).

 First, by its express terms, the letter did not terminate

Zippin. Rather, in view of Zippin's lack of communication for

three weeks, the employer understandably stated that it assumed

she abandoned her position. Zippin was invited to contact the

employer with questions or concerns. So, if she did not intend

to abandon her job, she could have corrected her employer's

impression. Zippin apparently did just that, when she visited her

workplace after receiving the letter.

 Second, as further evidence that Just Home did not intend to

terminate Zippin, a supervisor told Zippin when she visited the

workplace that she could return to work upon proof she was

medically fit. Even at the Appeal Tribunal hearing months later,

that remained the employer's position.

 We recognize that Zippin contends she was too disabled to

communicate with her employer until she was released from the

 6 A-2226-15T1
hospital, over a month after she left work.2 In other words, she

claims she had good cause for not communicating, and therefore had

not, in fact, abandoned her job. N.J.A.C. 12:17-9.11. However,

we need not resolve that question. Nor need we resolve whether

she made a "reasonable effort to preserve her employment."

N.J.A.C. 12:17-9.3(c). Those facts would be important if Just

Home terminated her, or refused to reinstate her upon her request.

Cf. De Lorenzo v. Bd. of Review, 54 N.J. 361, 364 (1969) (affirming

Board's conclusion that an employee is entitled to benefits "when

an employee becomes ill and does those things reasonably calculated

to protect the employment and, notwithstanding that she is not

reinstated, there is no voluntary leaving of work" (emphasis

added)).

 Notwithstanding its letter, Just Home did not terminate

Zippin, or refuse her return. When she visited the workplace

after receiving the letter, Zippin understood that a job was still

available if she could prove she was able. But she was not. Even

months later, at the Appeal Tribunal hearing, Just Home's

2
 We also recognize that the Board's statement that she "never
attempted to . . . contact the employer" is contrary to the
undisputed evidence that Zippin visited the employer, albeit three
weeks after the letter was sent, and six weeks after she left work
because of illness.

 7 A-2226-15T1
representative said a job remained available, but Zippin was not

ready.

 In sum, whether Zippin had abandoned her work, or remained

out for reasons of illness and had taken reasonable steps to

preserve her job, she was still not entitled to benefits because

she was neither terminated, nor denied reinstatement by her

employer.

 Affirmed.

 8 A-2226-15T1