**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0676-18T4

NICHOLAS VALLO JR.,

     Appellant,

v.

BOARD OF REVIEW
DEPARTMENT OF LABOR,
and BUILDERS GENERAL
SUPPLY CO.,

     Respondent.

_____

Submitted January 29, 2020 – Decided February 25, 2020

Before Judges Whipple and Gooden Brown.

On appeal from the Board of Review, Department of Labor, Docket No. 153,691.

Nicholas Vallo Jr., appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Donna Arons, Assistant Attorney General, of counsel; Andy Jong, Deputy Attorney General, on the brief).

Respondent Builders General Supply Co. has not filed
a brief.

PER CURIAM

Nicholas Vallo Jr. appeals from the September 27, 2018 final agency decision of the Board of Review (Board), Department of Labor, dismissing his appeal from the adverse ruling of the Appeal Tribunal (Tribunal) because the appeal was not filed within the strict time frame prescribed by N.J.S.A. 43:21-6(c). We affirm.

After approximately sixteen months of employment, on May 15, 2018, Vallo resigned from his position as a driver with Builders General Supply Company because of the level of physical labor required by the job. On May 27, 2018, Vallo filed a claim for unemployment benefits, which was denied by the Deputy of the Division of Unemployment Insurance (Deputy) under N.J.S.A. 43:21-5, on the ground that the claimant left work voluntarily without good cause attributable to the work.

On June 18, 2018, Vallo appealed to the Tribunal and participated in a July 13, 2018 telephonic hearing along with his employer. The proofs adduced at the hearing[1] revealed that Vallo had been granted a medical leave of absence,

---

[1] We glean these facts from the Tribunal's decision as the transcript of the hearing is not a part of the record.

after which he was allowed to return to work by his doctor with no restrictions, but resigned instead after his employer indicated it could not accommodate him by placing him in a less physically demanding job. Vallo neither provided medical documentation to his employer to show that the job caused or aggravated his condition, nor requested another leave of absence.

Following the hearing, the Tribunal affirmed the Deputy's disqualification. Applying N.J.A.C. 12:17-9.3[2] and Self v. Board of Review, 91 N.J. 453 (1982),[3] the Tribunal determined that while Vallo's "reason for voluntarily leaving" the job was "compelling in nature," it was "not considered to be good cause to leave work voluntarily" because Vallo failed "to provide medical documentation to the employer to show that the job caused or exasperated his condition and/or that he was incapable of continuing to work in

---

[2] N.J.A.C. 12:17-9.3 establishes three categories applicable when an employee leaves work for reasons related to a medical condition, which are not subject to disqualification from benefits, provided certain conditions are met, including making "a reasonable effort to preserve his or her employment," N.J.A.C. 12:17-9.3(c), and providing a "medical certification . . . to support a finding of good cause attributable to work," N.J.A.C. 12:17-9.3(d).

[3] In Self, the Court clarified that "a departure not attributable to work is a 'voluntary departure without good cause related to work' that will disqualify the employee from receiving unemployment benefits,'" and "[t]he only recognized exception to that rule is where an employee is unable to work because of illness and attempts to protect [his or] her employment." Id. at 457 (quoting DeLorenzo v. Bd. of Review, 54 N.J. 361, 363-64 (1969)).

the role he was hired for," and failed to request "another leave of absence or an extension of his most recent one." Thus, the Tribunal concluded Vallo failed to satisfy his "obligation to do those things reasonably calculated to relieve himself of the condition or complained of circumstances before [] voluntarily leaving the job could be justified."

The Tribunal's decision, which was mailed to Vallo on July 17, 2018, contained explicit language warning

> This decision will become final, unless, within twenty . . . days of the date of mailing . . . , a written appeal is filed with the Board . . . . The appeal period will be extended if good cause for late filing is shown. Good cause exists in situations where it can be shown that the delay was due to circumstances beyond the control of the appellant, which could not have been reasonably foreseen or prevented.

Accordingly, the deadline for Vallo's administrative appeal was August 5, 2018.

Although dated August 10, 2018, Vallo filed an appeal to the Board on August 14, 2018, simply stating "I would like to appeal the decision of the unemployment officer on the grounds he did not [hear] all the facts." In a September 27, 2018 decision, the Board dismissed Vallo's appeal, stating "the appeal was filed late, in that it was filed subsequent to the expiration of the statutory period of twenty . . . days from the date of mailing of the . . . Tribunal

4

decision (N.J.S.A. 43:21-6(c)); and [g]ood cause not having been shown for such late filing."  This appeal followed.

We need not address the merits of Vallo's application for benefits because it is clear, as a procedural matter, that his administrative appeal was out of time. N.J.S.A. 43:21-6(c) specifies that the Tribunal's decision "shall be deemed to be the final decision of the [Board], unless further appeal is initiated pursuant to [N.J.S.A. 43:21-6(e)] . . . within [twenty] days after the date of . . . mailing of such decision."  "If a review . . . is not initiated . . . within the [prescribed time limits], the decision becomes 'final' and is not subject to review except upon a showing of fraud or other fundamental defect in the proceedings." Van Ouhl v. Bd. of Review, 254 N.J. Super. 147, 151 (App. Div. 1992) (citing Kaske v. State of N.J., Bd. of Review, 34 N.J. Super. 222, 225-26 (App. Div. 1955)).  See Lowden v. Bd. of Review, 78 N.J. Super. 467, 468-70 (App. Div. 1963) (strictly enforcing the applicable filing deadline for administrative appeals).

Relief from these time constraints is afforded by N.J.A.C. 12:20-4.1(h), which provides:

> A late appeal shall be considered on its merits if it is determined that the appeal was delayed for good cause. Good cause exists in circumstances where it is shown that:

1. The delay in filing the appeal was due to circumstances beyond the control of the appellant; or

2. The appellant delayed filing the appeal for circumstances which could not have been reasonably foreseen or prevented.

Although N.J.A.C. 12:20-4.1(h) allows the deadline to be extended in limited situations upon a demonstration of good cause, Vallo offered the Board no explanation for his delay in filing an administrative appeal. Likewise, on appeal, Vallo renews the contentions rejected by the Tribunal, and still offers no explanation for his untimely appeal to the Board. Accordingly, we must affirm the Board's decision, affording it the deference it is owed as an administrative agency on matters within its area of responsibility. See, e.g., Brady v. Bd. of Review, 152 N.J. 197, 210 (1997); Self, 91 N.J. at 459; Futterman v. Bd. of Review, 421 N.J. Super. 281, 287 (App. Div. 2011).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0676-18T4