**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3540-19

J.S.,[1]

     Appellant,

v.

BOARD OF REVIEW,
and BENIHANA NATIONAL
CORP.,

     Respondents.

_____

     Submitted June 3, 2021 – Decided June 24, 2021

     Before Judges Alvarez and Mitterhoff.

     On appeal from the Board of Review, Department of Labor, Docket No. 201,135.

     J.S., appellant pro se.

     Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Donna Arons, Assistant Attorney General, of counsel; Kendall J. Collins, Deputy Attorney General, on the brief).

---

[1] We use initials to protect appellant's privacy.

PER CURIAM

J.S. appeals from a Board of Review (Board) February 20, 2020 final agency decision, adopting an Appeal Tribunal (Tribunal) determination that she is disqualified from receiving unemployment compensation benefits because she left her job without good cause attributable to the work. See N.J.S.A. 43:21-5(a). We affirm.

J.S. began working for respondent Benihana National Corp. as a hostess in September 2018. On August 23, 2019, she sought treatment from her mental healthcare provider for what she described as a mental breakdown. At that time, J.S. reported that her psychological issues were interfering with her ability to perform tasks at work.

On September 27, 2019, J.S. did not go to work due to her mental breakdown. She went to a hospital, where she was advised to consult with her psychiatrist in order to adjust her medication regime. J.S. did not request or obtain approval from her employer to miss the shift or any shift thereafter, or to take medical leave.

On October 3, 2019, J.S. returned to her mental health provider for treatment related to her breakdown. By October 16, 2019, she was ready to return to work, so she obtained a letter from her clinician requesting that her

2

employer excuse the time she was away. The same day, J.S. contacted her supervisor, who told her to return on October 21, 2019, to discuss her employment. At the meeting, J.S. presented the letter she obtained from her clinician and requested to return to work. Her supervisor advised her that she had been terminated for abandoning her position but invited her to re-apply through respondent's online application portal. She was not re-hired.[2]

J.S. applied for unemployment benefits on October 20, 2019 but was denied. She appealed to the Tribunal and appeared for a telephonic hearing on January 16, 2020. In support of her appeal, J.S. produced the letter she obtained from her clinician. After explaining the events that led to her termination, the appeals examiner asked if J.S. had any family members or friends that could have advised her employer of the situation. J.S. testified that she did but did not have anyone call because she "wasn't mentally thinking right."

The Tribunal found J.S. had "left work voluntarily without good cause attributable to the work and [was therefore] disqualified for benefits as of [September 22, 2019], in accordance with N.J.S.A. 43:21-5(a)." She appealed

---

[2] J.S. testified that she was rehired during the October 21, 2019 meeting, but her supervisor decided not to bring her back later that week. Whether or not she was actually rehired, J.S. would not have become eligible for benefits until she completed eight weeks of work after becoming reemployed. See N.J.S.A. 43:21-5(a).

her disqualification to the Board, which affirmed the Tribunal's decision.  This appeal ensued.

In her pro se brief, J.S. raises the following argument for our consideration:

> POINT I
>
> THE APPEAL TRIBUNAL AND BOARD OF REVIEW DENIED MY CLAIM FOR UNEMPLOYMENT BENEFITS TWICE.  THEY DID NOT TAKE INTO ACCOUNT THAT I WAS IN NEED OF MEDICAL ATTENTION.  THE CIRCUMSTANCES SURROUNDING THE WAY [MY EMPLOYER] AND I PARTED WAS DUE TO A MEDICAL EMERGENCY, A MENTAL BREAKDOWN.  I HAVE DOCUMENTED PROOF THAT THE DEPARTURE WAS NOT VOLUNTARY, BUT NECESSARY.

Our review of decisions by administrative agencies is limited.  In re Stallworth, 208 N.J. 182, 194 (2011).  The "final determination of an administrative agency . . . is entitled to substantial deference."  In re Eastwick Coll. LPN-to-RN Bridge Program, 225 N.J. 533, 541 (2016).  We reverse only if "the decision is 'arbitrary, capricious, or unreasonable,' the determination 'violate[s] express or implied legislative policies,' the agency's action offends the United States Constitution or the State Constitution, or 'the findings on which [the decision] was based were not supported by substantial, credible

evidence in the record.'" Ibid. (alterations in original) (quoting Univ. Cottage Club of Princeton N.J. Corp. v. N.J. Dep't of Env't Prot., 191 N.J. 38, 48 (2007)). "The burden of demonstrating that the agency's action was arbitrary, capricious[,] or unreasonable rests upon the person challenging the administrative action." In re Arenas, 385 N.J. Super. 440, 443-44 (App. Div. 2006).

Under N.J.S.A. 43:21-5(a), a person is ineligible for unemployment benefits if he or she leaves work voluntarily without good cause attributable to such work. N.J.A.C. 12:17-9.1(b) defines "good cause attributable to such work" as "a reason related directly to the individual's employment, which was so compelling as to give the individual no choice but to leave the employment." Individuals who leave work for a legitimate, but personal reason, however, do not qualify for unemployment compensation under N.J.S.A. 43:21-5(a). See Brady v. Bd. of Review, 152 N.J. 197, 213 (1997) (stating N.J.S.A. 43:21-5(a) was amended "in 1961 to disqualify claimants who left work for purely personal reasons"). Such reasons include voluntarily terminating one's employment because the requirements of the work are harmful to a pre-existing condition which does not have a work-related origin. Stauhs v. Bd. of Review, 93 N.J. Super. 451, 457-58 (App. Div. 1967).

"When a non-work connected physical and/or mental condition makes it necessary for an individual to leave work due to an inability to perform the job, the individual shall be disqualified for benefits for voluntarily leaving work." N.J.A.C. 12:17-9.3(b). However, "an individual who has been absent because of a . . . [pre-existing] mental condition shall not be subject to disqualification for voluntarily leaving work if the individual has made a reasonable effort to preserve his or her employment, but has still been terminated by the employer." N.J.A.C. 12:17-9.3(c). An employee's "reasonable effort is evidenced by the employee's notification to the employer, requesting a leave of absence[,] or having taken other steps to protect his or her employment." Ibid.

We discern no basis to reverse the Board's determination that J.S. failed to sustain her burden of establishing she left work voluntarily for good cause attributable to the work. She did not present any evidence demonstrating her condition was caused, N.J.A.C. 12:17-9.1(b), or aggravated, N.J.A.C. 12:17-9.3(b), by her employment. J.S. also failed to establish that she made any effort to preserve her employment prior to or after her voluntary departure. She initially sought treatment on August 23, 2019, at which time she reported her breakdown was interfering with her ability to perform tasks at work. Her first absence was on September 27, 2019. During the thirty-five days that elapsed,

6

J.S. did not take any steps to preserve her employment. Nor did she have anyone contact her employer after she stopped showing up to work, despite having friends and family members that could have. Although we are sympathetic to the challenges posed by fulfilling one's employment obligations while dealing with mental health issues, unemployment benefits are not available to "claimants who [leave] work for purely personal reasons." Brady, 152 N.J. at 213.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3540-19