BERNARD P. WOJCIK, PLAINTIFF-APPELLANT, v. BOARD
OF REVIEW, DIVISION OF EMPLOYMENT SECURITY,
DEPARTMENT OF LABOR AND INDUSTRY, STATE OF
NEW JERSEY, UNION CARBIDE AND PYROFILM RE-
SISTER COMPANY, DEFENDANTS-RESPONDENTS.

Argued March 9, 1971—Decided May 24, 1971.

*Mr. Francis T. Gleason, Jr.* argued the cause for plaintiff-appellant (Somerset County Legal Services, Corp., *Mr. James B. Ventantonio,* Director, attorneys; *Mr. Francis T. Gleason, Jr.* on the brief).

*Mr. Charles Quinn* argued the cause for defendants-respondents (*Mr. Edward A. Kaplan,* attorney).

PER CURIAM. This is an unemployment compensation case. The Board's determination to deny benefits was affirmed by the Appellate Division in an unreported opinion. We granted claimant's petition for certification. 57 *N. J.* 432 (1971).

Plaintiff, Bernard Wojcik, a graduate chemical engineer, began working for the respondent Pyrofilm Resister Company on or about July 15, 1966, as a manufacturing engineer. In this capacity he earned an annual salary of about $15,000. On April 11, 1969, he was discharged by his employer. As a result, he filed for and was found eligible to receive unemployment compensation.

Wojcik, who was then 49 years old, was unable to find employment in his own profession. As a result, on August 11, 1969, he took a job performing general factory work at $3.25 an hour for respondent Union Carbide Corp. The work required substantial physical exertion including heavy lifting, bending and twisting.

About 25 years earlier, plaintiff had a serious problem with his back for which he was treated. At that time his spine was found to be severly twisted. However, while he was employed as an engineer he did not experience any back difficulties apparently because the work did not require strenuous physical activity. The picture changed after he began work at respondent Union Carbide's plant where, as mentioned above, the work was strenuous. Wojcik testified that, toward the end of the fifth week, his back was troubling him and he told his supervisor that he could not stand the working pace; "my back bothered me. My legs bothered me. Every-

thing was bothering me." On Sunday, September 14, while at home, Wojcik experienced a sudden pain in his back while bending over to pick up a small object. The following morning he notified his employer of his condition and made a doctor's appointment. The medical examination revealed a serious back disorder involving the dislocation of two vertebrae, muscle spasm, and nerve damage. The doctor told Wojcik that his work at Union Carbide may have aggravated the condition but, whatever the cause, he could not continue the work he had been doing.

After being apprised of the seriousness of his condition, Wojcik went to Union Carbide and informed his employer of the diagnosis. On his doctor's advice, he asked if there was any light work available. None was and Wojcik was forced to resign and report for unemployment compensation. He has since that time, on December 29, 1969, secured a new job with the Bernards Township Board of Education.

██ On this appeal, Wojcik urges two grounds for reversal. First, he contends that he did not quit his employment at Union Carbide "voluntarily without good cause attributable to such work." *N. J. S. A.* 43:21–5(a). He contends that his work at Union Carbide aggravated his back condition and therefore his leaving the job was for good cause attributable to his employment. While we agree that the aggravation of a preexisting condition would constitute good cause under the statute, cf. *Stauhs v. Bd. of Review, Div. of Emp. Sec.,* 93 *N. J. Super.* 451 (App. Div. 1967); *Bussmann Mfg. Co. v. Industrial Commission of Missouri,* 327 *S. W.* 2d 487 (Mo. Ct. App. 1959), we do not believe that the record in this case supports Wojcik's claim in this regard. The Appellate Division, and each of the administrative tribunals which considered Wojcik application before it, determined that his condition was not attributable to his work at Union Carbide. We will not disturb this finding since the only medical evidence supporting Wojcik's claim was his doctor's equivocal statement that his work *"may"* have aggravated his condition.

Wojcik's second contention is that he should not be disqualified from receiving benefits for taking a job which he could have refused as unsuitable and then leaving that job when he was unable to continue it because of its unsuitability. Although this ground was raised below, the Appellate Division did not pass on it.

N. J. S. A. 43:21-5 provides, in pertinent part, that an individual shall be disqualified for benefits:

"(c) If it is found that he has failed, without good cause, either to apply for available, *suitable* work when so directed by the employment office or the director or to accept *suitable* work when offered him, or to return to his customary self-employment (if any) when so directed by the director . . .
　(1) In determining whether or not any work is *suitable* for an individual, consideration shall be given to the degree of risk involved to his *health, safety* and morals, his *physical fitness* and *prior training,* his *experience* and *prior earnings,* his length of unemployment and prospects for securing local work in his customary occupation, and the distance of the available work from his residence." (emphasis added)

It is clear that one need only apply for and accept suitable work. Cf. *Krauss v. A. & M. Karagheusian,* 13 *N. J.* 447, 455 (1953); *Campbell Soup Co. v. Div. of Employment Security,* 13 *N. J.* 431, 435 (1953); *Worsnop v. Bd. of Review, Div. of Emp. Sec.,* 92 *N. J. Super.* 260, 265 (App. Div. 1966); *Zielenski v. Bd. of Rev., Div. of Emp. Sec.,* 85 *N. J. Super.* 46, 53 (App. Div. 1964); *Breskin v. Board of Review,* 46 *N. J. Super.* 338, 344 (1957). It is equally clear that in the present case Wojcik could have refused the work at Union Carbide as not being "suitable." It involved a substantial reduction from his "prior earnings" and was totally inconsistent with his "prior training" and "experience." Moreover, the work constituted a "risk to his health" and "safety" and, in light of this risk, he was physically unfit for the job. The question is whether a person who takes work he is not required to take should suffer the loss of unemployment benefits when he is unable to cope with that work. We do not believe he should. A contrary result would inhibit persons

who are temporarily unemployed from taking work which, although not commensurate with their former employment, is nevertheless gainful activity which serves the general public interest. *Cf. Campbell's Soup Co. v. Div. of Employment Security, supra*, 13 *N. J.* at 436. We do not believe a person should be penalized for so laudable an effort. The philosophy of the Unemployment Compensation Law, *N. J. S. A.* 43:21-1 *et seq.*, is to encourage persons to work and, although the Law wisely recognizes that persons should not be compelled to accept employment which is unsuitable, it is contrary to the spirit of the Law to penalize persons who take such work. It is well known that today many highly trained persons are unable to find work in their own fields because of economic factors beyond their control. If they are to work at all, many must experiment in new areas which are not "suitable" under the statute. They should be given a reasonable time to measure their ability to cope with their new work, and to reapply for benefits if they cannot. Accordingly, we hold that Wojcik's employment with Union Carbide tolled the period for which he was entitled to receive benefits since he terminated that employment within a reasonable period of time for reasons relating to its unsuitability. He is entitled to receive benefits for the period from September 21 to December 29 when he took his new job.

The judgment of the Appellate Division is reversed and the cause is remanded to the Board for disposition in accordance with this opinion.

*For reversal and remandment*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, HALL and SCHETTINO—5.

*For affirmance*—None.