117 N.J. Super. 399 (1971)
285 A.2d 38
ROBERT A. BROWN, CLAIMANT-APPELLANT
v.
BOARD OF REVIEW, DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY AND SOPHIA, INC., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted November 30, 1971.
Decided December 9, 1971.
*401 Before Judges KILKENNY, LABRECQUE and LANE.
Mr. James B. Ventantonio, Director Somerset County Legal Services Corp., for appellant (Mr. Francis T. Gleason, Jr., on the brief).
Mr. Charles Quinn, Legal Assistant for Board of Review, Division of Employment Security, for respondent.
The opinion of the court was delivered by KILKENNY, P.J.A.D.
Claimant appeals from a final decision of the Board of Review, Division of Employment Security, affirming the determination of the Appeal Tribunal which held that claimant had left work on August 10, 1970 voluntarily without good cause attributable to such work, thereby rendering himself disqualified and ineligible for unemployment benefits under N.J.S.A. 43:21-5(a).
Both administrative agencies concurred in their findings of fact that claimant had left his work because of a non-work-connected disability, and that he had made no reasonable effort to preserve or retain the employer-employee relationship.
The basic facts are not disputed. Claimant, age 24, began working for respondent N.J. Sophia, Inc., in 1966 as a hair stylist. He last worked for this employer on or about *402 February 6, 1970, a span of about four years. In the six months prior to his leaving that employment, he was earning about $150 per week.
Since about the age of 19 years claimant had diabetes mellitus which required him to use insulin. He claims that as a direct result of the pressures of his employment, he was unable to eat the proper amount of food at the required intervals and had insulin reactions. On or about February 6, 1970 claimant was compelled to obtain medical assistance and quit his job, allegedly on the advice of his doctor.
Claimant received disability benefits for approximately six months and then applied for unemployment benefits as of August 10, 1970.
Claimant testified before the hearing examiner that he was advised by his doctor that he should seek employment in some other occupation because his job as a hair stylist  a job which is still available to him with the same employer  would aggravate his diabetic condition due to the nature of the work. There was no supporting medical testimony, this hearsay statement standing alone.
The hearing examiner was apparently satisfied as to claimant's availability for work, stating that "the basic question here is voluntary leaving rather than availability."
The Board of Review agreed with the decision of the Appeal Tribunal, which denied benefits. The latter based its disqualification of claimant in reliance upon Stauhs v. Board of Review, 93 N.J. Super. 451 (App. Div. 1967), wherein we said:
We therefore conclude that a claimant who quits his job because his work duties are detrimental to an existing physicial condition or state of health which did not have a work-connected origin has left his work voluntarily without good cause "attributable to such work" and he is disqualified from unemployment benefits. [at 457-458]
Citing Bussman Mfg. Co. v. Industrial Comm'n of Missouri, 327 S.W.2d 487 (Mo. App. 1959), which interpreted the word "attributable" as requiring "a causal connection between *403 the disability and the work of the claimant." (At 491; emphasis added.)
In Stauhs, supra, the claimant, a postal employee, became unable physically to perform the duties of his job as a special delivery dispatcher  walking up and down 35 steps approximately every 20 minutes and answering some 60 to 85 telephone calls a day  due to an operation for the removal of a tumor of the larynx. His physician asserted that the physical exercise required by the employment prevented proper healing and he recommended that the employee seek other work. A transfer to lighter duties was sought and denied, no other assignment being available to him. We held that the words "without good cause attributable to such work", referred to an existing physical condition or state of health which had a "work-connected origin."
In Wojcik v. Board of Review, 58 N.J. 341 (1971), a 49-year-old employee took a job performing general factory work when he was unable to find employment in his own profession of engineering. The factory job required substantial physical exertion including heavy lifting, bending and twisting. About 25 years earlier, the employee had a serious problem with his back for which he was treated. He had no trouble with his back while employed as an engineer because the work did not require strenuous physical activity. The picture changed after he began the factory job  after five weeks his back was troubling him. A medical examination revealed a serious back disorder. The doctor told him his work "may have aggravated" the condition but, whatever the cause, he could not continue the work he was doing. (Emphasis added.) The Supreme Court upheld the denial of unemployment benefits, finding the medical evidence, in the equivocal statement "may," insufficient.
However, the Supreme Court said in Wojcik (at 344), "* * * we agree that the aggravation of a preexisting condition would constitute good cause under the statute * * *." (Emphasis added.) Thus, a distinction is drawn between a work effort which "aggravates" a previous physical condition *404 and causes an employee to quit his job, and work effort which precludes an employee, because of a preexisting disability, from performing the duties of the employment. Where the work "aggravates," there is a causal connection between "such work" and the quitting, so as to permit the conclusion that the employee voluntarily quit but "with good cause attributable to such work." When a preexisting physical disability, not of work-connected origin, makes quitting necessary because of an inability to perform the job, the statutory reference "attributable to such work" has not been satisfied.
Diabetes mellitus is defined as "a familial constitutional disorder of carbohydrate metabolism involving inadequate secretion or utilization of insulin, characterized by hyperglycemia, glycosuria, polyuria, and marked by thirst, hunger, itching, weakness, loss of weight, and when severe acidosis and coma." Webster's Third New International Dictionary (1966).
The difficulty with the record before us is its lack of adequate competent evidence that the claimant's work duties "aggravated" his long-standing diabetic condition, not originally work-connected, and that such aggravation caused his voluntary leaving his job to join the ranks of the unemployed. As noted above, there was no medical testimony. Claimant's hearsay testimony as to what his doctor advised him would not support a finding that his work aggravated his diabetic condition. Nor does his conclusory statements to that effect. He averred that his diabetes was "now well controlled" and "My diabetes was controlled on August 10 [1970]," when he applied for unemployment benefits.
"Ill health or physical infirmity is, of course, good cause for employees to cease working. But unless the illness or physical infirmity is shown to have resulted from or to have been caused by the employment, the employee is disqualified from receiving benefits * * *." Henderson v. Dept. of Industrial Relations, 252 Ala. 239, 40 So.2d 629 (Sup. Ct. 1949). For example a bursitis of the left *405 elbow, preexisting the employment and not stemming from the work, may cause an employee to quit his job, but it does not constitute good cause "attributable to such work." The impairment in performing one's job must result specifically from the character of the work performed. West Point Mfg. Co. v. Keith, 47 So. 2d 594, 597 (Ala. Ct. App. 1950).
As noted in Wojcik, supra:
The question is whether a person who takes work he is not required to take should suffer the loss of unemployment benefits when he is unable to cope with that work. We do not believe he should. * * * although the Law wisely recognizes that persons should not be compelled to accept employment which is unsuitable, it is contrary to the spirit of the Law to penalize persons who take such work. [58 N.J. at 345-346]
We deem it in the interest of justice to reverse the decision of the Board of Review and to remand the matter for a supplemental hearing and determination as to whether claimant's duties as a hair stylist so aggravated his preexisting diabetic condition as to constitute just cause "attributable to such work" as to be legal justification for his voluntary quitting of that job with his employer.
Reversed and remanded. We do not retain jurisdiction.