283 N.J. Super. 1 (1995)
660 A.2d 1259
ALICE L. ISRAEL, CLAIMANT-APPELLANT,
v.
BALLY'S PARK PLACE, INC., EMPLOYER-RESPONDENT,
v.
BOARD OF REVIEW, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 17, 1995.
Decided July 18, 1995.
*2 Before Judges BAIME, KESTIN and ARIEL A. RODRIGUEZ.
Alice L. Israel, appellant, argued the cause pro se.
Jed M. Milstein, Deputy Attorney General argued the cause for respondent Board of Review (Deborah T. Poritz, Attorney General, *3 attorney; Joseph L. Yannotti, Assistant Attorney General, of counsel).
Michael A. Pellini, attorney for respondent Bally's Park Place Casino Hotel & Tower filed a brief.
The opinion of the court was delivered by ARIEL A. RODRIGUEZ, J.A.D.
In this unemployment compensation case we hold that a recovering alcoholic, who resigns because the presence of alcoholic beverages in the work environment aggravates the disease and impairs a continued recovery, is not disqualified from receiving benefits by virtue of N.J.S.A. 43:21-5(a).
Alice L. Israel worked for Bally's Park Place Casino for fourteen years. Her last position was that of pit-boss. It is undisputed that her job performance was excellent. During her employment she became dependent on alcohol. Although her position did not require her to serve alcohol, alcohol was ever present throughout the casino complex in banquet rooms, in bars and on the casino floor.
Israel took a medical leave of absence in April 1993 to enter Father Martin's Ashley, an inpatient drug and alcohol abuse facility. After her discharge, she took part in an out-patient recovery program and her progress was monitored by InterPsych, an employee assistance program provided by her employer. Israel remained on medical leave and received disability payments until an InterPsych physician cleared her to return to work as of September 24, 1993. Israel did not return to work, however, because her counselors and therapist advised her that the casino work environment could be detrimental to her sobriety and continued recovery.
Israel's claim for unemployment benefits after September 24, 1993 was denied by a Deputy Director of the Division of Unemployment and Disability Insurance (deputy), because her failure to return to work was considered a voluntary quit. N.J.S.A. 43:21-5(a). *4 Israel appealed, submitting letters from alcoholism counselors opining that it would be deleterious to her recovery to work in the casino environment. A letter from Israel's primary therapist, Linda Santoro, Ph.D., read,
[Israel] was able to accept her disease of alcoholism and made a strong commitment to follow through with aftercare recommendations that included outpatient therapy and regular AA meeting attendance. Her work environment is considered high risk as it is an establishment where liquor is freely available. [Israel's] concerns about returning to work in a casino are valid and hopefully will be respected.
There were similar letters from her counselors at the Cape Atlantic Counseling Center, Catholic Social Services and Father Martin's Ashley.
The Appeal Tribunal reversed the deputy's determination, concluding that,
As alcoholism is a disease and specialists in the field of recovery have provided written testimony that the work environment jeopardized [Israel's] continued health and recovery, she has shown good cause for leaving the work.
The Board adopted the factual findings of the Appeal Tribunal, and further found that Israel's job did not give her access to alcohol because casino policy prohibited drinking while on duty. The Board nevertheless reversed the Appeal Tribunal, concluding that
[Israel's] condition was not caused by the job. Additionally, the evidence shows that [she] was able to perform the duties of her employment but chose not to return because she feared working in an environment where alcohol was being served to patrons would cause her to relapse. This was a personal reason for leaving which did not constitute good cause attributable to such work.
The Board did not indicate that petitioner's proofs regarding her susceptibility to relapse were inadequate or a pretext.
We conclude that the Board applied an incorrect standard. Therefore we are not bound by its conclusions. Brambila v. Board of Review, 124 N.J. 425, 437, 591 A.2d 605 (1991). N.J.S.A. 43:21-5 provides,
Disqualification for benefits
An individual shall be disqualified for benefits:

*5 (a) For the week in which the individual has left work voluntarily without good cause attributable to such work, and for each week thereafter until the individual becomes reemployed and works four weeks in employment....
"Good cause" is not defined, but the term has been construed to mean "cause sufficient to justify an employee's voluntarily leaving the ranks of the employed and joining the ranks of unemployed." Trupo v. Board of Review, 268 N.J. Super. 54, 57, 632 A.2d 852 (App.Div. 1993) (quoting Domenico v. Board of Review, 192 N.J. Super. 284, 287, 469 A.2d 961 (App.Div. 1983)). However, it is clear that mere dissatisfaction with working conditions which are not shown to be abnormal or do not affect health, does not constitute "good cause" for leaving work voluntarily. Associated Utility Services v. Bd. of Review, 131 N.J. Super. 584, 587, 331 A.2d 39 (App.Div. 1974). Nevertheless, if a claimant shows that a medical condition is attributable to work, the claimant is eligible for benefits. Such connection between the work and the condition may be established by proof that the condition was aggravated by the work. Wojcik v. Bd. of Review, 58 N.J. 341, 344, 277 A.2d 529 (1971); Brown v. Board of Review, 117 N.J. Super. 399, 404, 285 A.2d 38 (App.Div. 1971).
Therefore, Israel is not required to show, as the Board concluded, that her illness was caused by her job or that it prevents her from performing the duties of her employment. She is only required to show that the environment at her job aggravated her illness or will impair her continued recovery. She has met that standard by showing, through uncontroverted medical evidence, that her disease has been and will be aggravated by the casino environment. Wojcik v. Bd. of Review, supra, 58 N.J. 341, 277 A.2d 529. This constitutes "good cause." Thus, she is not disqualified from unemployment benefits. Stauhs v. Bd. of Review, Div. of Emp. Sec., 93 N.J. Super. 451, 457-58, 226 A.2d 182 (App.Div. 1967).
Our holding is a narrow one. Access or proximity to alcohol is not the determinative factor because alcohol is accessible virtually everywhere. The determinative factor is whether the presence of *6 alcohol in the work environment aggravates an underlying disease and impairs an ongoing recovery from that disease. Thus, not all alcohol-dependent persons whose work environment provides easy access to alcohol are entitled to quit and receive unemployment benefits. Only those who can show by adequate medical evidence that they are recovering alcoholics, and that their recovery is impaired by the pervading presence of alcohol in their work environment, are not disqualified from receiving benefits by virtue of N.J.S.A. 43:21-5(a).
Reversed and remanded.