**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4041-16T3

SANDRA SCOTT,

    Appellant,

v.

BOARD OF REVIEW, NEW JERSEY
DEPARTMENT OF LABOR AND
WORKFORCE DEVELOPMENT, and
RELIANT PRO REHABILITATION,
LLC,

    Respondents.

_____

Submitted May 9, 2018 — Decided June 27, 2018

Before Judges Alvarez and Currier.

On appeal from the Board of Review, Department
of Labor, Docket No. 109,044.

Carolyne S. Kalson, attorney for appellant.

Gurbir S. Grewal, Attorney General, attorney
for respondent Board of Review (Jason W.
Rockwell, Assistant Attorney General, of
counsel; Francis A. Raso, Deputy Attorney
General, on the brief).

Respondent Reliant Pro Rehabilitation, LLC,
has not filed a brief.

PER CURIAM

Claimant Sandra Scott appeals from the April 28, 2017 decision of the Board of Review (Board) finding her ineligible for unemployment benefits pursuant to N.J.S.A. 43:21-5(a). After a review of the contentions in light of the record and applicable principles of law, we affirm.

As a result of some medical issues, claimant took an approved leave of absence from her employment as an occupational therapist assistant at Reliant Pro Rehabilitation on June 17, 2016. While on leave, claimant received disability benefits. Although her physician cleared her to return to work, she did not do so after the expiration of her disability benefits on December 20, 2016. Instead, claimant requested her employer terminate her effective December 21, 2016.

After claimant applied for unemployment benefits, the Director of Unemployment Insurance (Director) mailed claimant a "Notice of Determination" on January 10 and 11, 2017. The letters informed claimant she was disqualified for benefits because she voluntarily resigned without good cause attributable to the work, and she was not eligible for benefits because she had received disability payments during a period of time for which she was seeking unemployment benefits.

Claimant appealed the decisions, and after a telephonic hearing was conducted on February 10, 2017, the Appeal Tribunal

issued two decisions.  The first decision affirmed the Director's determination that claimant was disqualified for benefits for voluntarily leaving her employment.  The Tribunal stated:

> the claimant left the work voluntarily due to her own personal health reasons. . . . [T]he claimant's electronic mail thread with the employer's human resource witness, provided by the claimant herself, indicated that the claimant did not claim that the work either caused or aggravated her medical condition. . . . Clearly the claimant's health condition in question did not have a work connected origin as it existed prior to the claimant's employment.[1]

Claimant appealed the Appeal Tribunal's decision to the Board.  On April 28, 2017, the Board affirmed the decision of the Tribunal.  A request to reopen and reconsider its decision was denied on May 26, 2017.

On appeal, claimant contends the Board's decision should be reversed because it incorrectly determined that she resigned her position when, in fact, she was terminated.  Claimant also asserts if she did leave work voluntarily, she is nevertheless entitled to employment benefits because her medical condition was aggravated by her work.  We are mindful that our review of administrative agency decisions is limited.  We will not disturb an agency's action unless it was clearly "arbitrary, capricious,

---

[1]  The Director's second decision was reversed by the Tribunal and is not a subject of this appeal.

or unreasonable." Brady v. Bd. of Review, 152 N.J. 197, 210 (1997).

N.J.S.A. 43:21-5(a) provides, in pertinent part, that an individual is disqualified for benefits "[f]or the week in which the individual has left work voluntarily without good cause attributable to such work, and for each week thereafter until the individual becomes reemployed and works eight weeks in employment."

With few exceptions, leaving work for personal reasons unrelated to the work, no matter how reasonable, disqualifies an employee from receiving unemployment benefits. See Utley v. Bd. of Review, 194 N.J. 534, 544 (2008) (stating that if an individual leaves "for personal reasons, however compelling, he [or she] is disqualified under the statute"); see also Ardan v. Bd. of Review, 231 N.J. 589, 602 (2018); Brady, 152 N.J. at 213-14; Self v. Bd. of Review, 91 N.J. 453, 460 (1982).

Where a medical issue prevents an employee from working, it is the employee's obligation to establish through competent medical evidence that a health issue attributable to work forced her to leave employment. See Wojcik v. Bd. of Review, 58 N.J. 341, 344 (1971). When a non-work connected physical condition makes it necessary for an individual to leave work due to an inability to perform the job, the individual shall be disqualified

for benefits for voluntarily leaving work, unless the work is medically proven to aggravate the condition. N.J.A.C. 12:17-9.3(b).

The record is clear that claimant's medical condition was not caused or aggravated by her work as an occupational therapy assistant. Claimant testified she was diagnosed with the degenerative condition prior to commencing her employment at Reliant. Claimant's physician medically cleared her to return to work as an occupational therapy assistant. Claimant did not allege her employment aggravated or worsened her condition.[2] Therefore, the credible evidence in the record supported the Board's determination.

Although claimant asserts she was terminated by her employer, the record indicates that her "termination" was initiated by her and was a mutual agreement with her employer to end her employment with the purpose of allowing claimant to obtain unemployment benefits. Claimant's employer explained to the Appeal Tribunal that the employer and claimant "decided mutually that she wouldn't have to . . . come back." Claimant expressed thanks to her

---

[2] To the contrary, in an email to her former employer, claimant advises that she never claimed any causal connection between her medical condition and her employment.

employer in the email chain for "terminating" her.[3] The substantial credible evidence in the record, therefore, supports the Board's determination that claimant was disqualified from benefits.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] Her employer wrote, "we will 'term' you. Essentially, lay you off," to which claimant replied, "[t]hanks."

A-4041-16T3