**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4040-16T2

ANDREW H. KASTEL, JR.,

     Appellant,

v.

BOARD OF REVIEW and
COLLATERAL RECOVERY, INC.,

     Respondents.

_____

> Submitted October 3, 2018 – Decided October 12, 2018
>
> Before Judges Reisner and Mawla.
>
> On appeal from the Board of Review, Department of Labor, Docket No. 098,785.
>
> Andrew H. Kastel, Jr., appellant pro se.
>
> Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Melissa H. Raksa, Assistant Attorney General, of counsel; Aaron J. Creuz, Deputy Attorney General, on the brief).
>
> Respondent Elite Collateral Recovery, Inc., has not filed a brief.

PER CURIAM

Andrew H. Kastel, Jr. appeals from an April 3, 2017 final decision of the Board of Review (Board), which found he was disqualified from receiving unemployment compensation benefits pursuant to N.J.S.A. 43:21-5(a), because he left his job voluntarily without good cause attributable to the work. We affirm.

The following facts are taken from the record. Kastel worked for Elite Collateral Recovery, Inc. (Elite) as a general manager from November 2014 through January 20, 2016. He left his job due to a non-work-related medical condition, which caused him to seek disability benefits on January 22, 2016. His original return to work date was March 20, 2016, but was extended to June 17, 2016, pursuant to his doctor's orders. However, Kastel informed Elite on June 2, 2016, he could no longer perform his employment duties and never returned to work. He did not provide any medical documentation to Elite and filed a claim for unemployment benefits as of July 17, 2016.

The Division of Unemployment and Disability Insurance (Division) disqualified Kastel for benefits pursuant to N.J.S.A. 43:21-5(a) because he left work voluntarily without good cause attributable to the work. Kastel appealed and the Appeals Tribunal (Tribunal) conducted a telephonic hearing, during

which Kastel testified he did not return to work because he felt he had not healed sufficiently from a medical procedure. He testified he had attempted to contact Elite and left a phone message indicating he was no longer capable of performing the activities associated with his employment. Kastel testified he did not provide Elite with any documentation related to his inability to perform his employment duties at the time.

The Tribunal disqualified Kastel from unemployment benefits for the same reason as the Division. The Tribunal stated to avoid disqualification under N.J.S.A. 43:21-5(a), an individual seeking unemployment after having voluntarily left work for medical reasons must show the reason was related to the work.

Kastel appealed the Tribunal's decision to the Board, which remanded the matter to the Tribunal to develop the record regarding whether Kastel's medical condition was caused or aggravated by his work at Elite. At the subsequent telephonic hearing on January 11, 2017, Kastel and his counsel appeared along with Iraide Pineiro, president of Elite. Kastel provided an October 20, 2016 note from a doctor stating Kastel could not return to his job because it was physically demanding and would aggravate his medical condition, which prevents him from standing and maintaining balance. Kastel also provided a December 30, 2016

3

note from a nurse practitioner, stating he was cleared to work as of July 2016, but could no longer perform his employment duties because his medical condition would be aggravated by substantial walking. Kastel testified the conditions of his employment required substantial walking, standing, and maneuvering of heavy objects. He also testified these activities could cause blisters, which unhealed, could turn into ulcers.

The Tribunal found Kastel did not make a reasonable effort to communicate his medical condition and workplace restrictions with Elite before filing for unemployment benefits and again disqualified him. The Tribunal rejected Kastel's medical evidence as "self-serving" and "afterthought[s]." It also concluded Elite's owner was not aware of Kastel's condition until a conversation on October 16, 2016, which was after the denial of benefits. The Tribunal also accepted Pineiro's testimony Elite did not have positions available to accommodate Kastel's medical conditions.

Kastel appealed and the Board affirmed. The Board found Kastel was disqualified because he could not perform his job duties due to non-work connected medical conditions. This appeal followed.

The scope of our review of an administrative agency's final determination is strictly limited. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). The

agency's decision may not be disturbed unless shown to be arbitrary, capricious, or unreasonable or inconsistent with the applicable law. Ibid.; In re Warren, 117 N.J. 295, 296 (1989). "If the Board's factual findings are supported 'by sufficient credible evidence, courts are obliged to accept them.'" Ibid. (quoting Self v. Bd. of Review, 91 N.J. 453, 459 (1982)). Thus, "[i]n reviewing the factual findings made in an unemployment compensation proceeding, the test is not whether an appellate court would come to the same conclusion if the original determination was its to make, but rather whether the fact finder could reasonably so conclude upon the proofs." Ibid. (alteration in original) (quoting Charatan v. Bd. of Review, 200 N.J. Super. 74, 79 (App. Div. 1985)).

On appeal, Kastel argues he met the requirements of N.J.A.C. 12:17-9.3(b) for the medical good cause exception and should have qualified for unemployment compensation. He contends the Board relied upon case law which predated the amendment of N.J.A.C. 12:17-9.3(b), and thus applied the wrong legal standard. He argues the Tribunal erred by rejecting his medical evidence because it had not been provided to the employer and was obtained after his separation from employment. Kastel disputes N.J.A.C. 12:17-9.3 requires an employee to request alternative work or provide the employer with medical records.

An employee who has left work voluntarily has the burden to prove he or she did so with good cause attributable to the work, and thus has the right to unemployment compensation. Brady, 152 N.J. at 213, 218. An individual is disqualified from receiving benefits "[f]or the week in which the individual has left work voluntarily without good cause attributable to such work, and for each week thereafter until the individual becomes reemployed and works eight weeks in employment." N.J.S.A. 43:21-5(a).

Generally, good cause has been defined as "cause sufficient to justify an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed." Domenico v. Bd. of Review, 192 N.J. Super. 284, 287 (App. Div. 1983) (quoting Condo v. Bd. of Review, 158 N.J. Super. 172, 174 (App. Div. 1978)). However, individuals, who leave work for a good, but personal reason, do not qualify for unemployment compensation under N.J.S.A. 43:21-5(a). See Brady, 152 N.J. at 213 (stating N.J.S.A. 43:21-5(a) was amended in 1961 "to disqualify claimants who left work for purely personal reasons."). Such reasons include voluntarily terminating employment because the requirements of the work are harmful to an existing physical condition with a non-work-related origin. Stauhs v. Bd. of Review, 93 N.J. Super. 451, 457 (App. Div. 1967). Nonetheless, "[t]he Unemployment Compensation Law

'protects not only workers who are involuntarily unemployed – those who are laid-off or terminated from their jobs by their employers – but also those who voluntarily quit their jobs for good cause attributable to their work.'" Ardan v. Bd. of Review, 231 N.J. 589, 602 (2018) (quoting Utley v. Bd. of Review, 194 N.J. 534, 543-44 (2008)).

N.J.A.C. 12:17-9.3(b) states:

> [a]n individual who leaves a job due to a physical and/or mental condition or state of health which does not have a work-connected origin but is aggravated by working conditions will not be disqualified for benefits for voluntarily leaving work without good cause "attributable to such work," provided there was no other suitable work available which the individual could have performed within the limits of the disability. When a non-work connected physical and/or mental condition makes it necessary for an individual to leave work due to an inability to perform the job, the individual shall be disqualified for benefits for voluntarily leaving work.

The burden rests on the claimant to prove his medical condition was aggravated by his employment duties in order to qualify for the statutory medical good cause exception. Brady, 152 N.J. at 213.

Kastel argues he qualifies for unemployment benefits under the exception. However, because Kastel failed to establish his medical condition was in fact aggravated by his employment at Elite, the Board did not err in affirming the

7

Tribunal's denial of unemployment benefits. Indeed, where an applicant for benefits demonstrates "through uncontroverted medical evidence, that [his] disease has been and will be aggravated by the [work] environment . . . [t]his constitutes 'good cause.'" Israel v. Bally's Park Place, Inc., 283 N.J. Super. 1, 5 (App Div. 1995) (citations omitted). Therefore, Kastel had to demonstrate "the environment at [his] job aggravated [his] illness." Ibid. To meet this burden, he had to supply a "medical certification . . . to support a finding of good cause attributable to the work." N.J.A.C. 12:17-9.3(d).

Kastel's proofs fell short. He testified his initial leave from work was caused by a diabetic blister becoming an ulcer as a result of the amount of walking his employment required. However, he failed to provide the Division with medical proofs showing performance of his employment responsibilities had aggravated his medical condition.

Indeed, the October 20, 2016 medical record states only that "Patient is unable to return to his previous position of employment with Elite[.] The job is to [sic] phsically [sic] demanding and would aggravate [his] present medical condition that prevents patient from standing and keeping balance for extended amounts of time." The second record dated December 20, 2016, only states Kastel "was advised that his medical condition would be aggravated by

substantial walking, such as is present in his work at Elite . . . , and that such activity should be avoided to protect his health as of the time he was released to work [in] July of 2016." A record dated January 23, 2017, which was not presented to the Tribunal, but was presented to the Board, recounts Kastel's treatment history and states he was treated for a "chronic ulcer of [the] toe that progressed from a non healing blister he had acquired on [July 2,] 2015." However, there was no medical proof that the blister or the ulcer were caused by the work or aggravated by the work.

None of the medical records provided by Kastel predate his disqualification for benefits let alone explain how his employment aggravated his non-work-related condition. The Board did not err in finding Kastel failed to meet his burden of proof. The Board's decision was not arbitrary, capricious, or unreasonable, and is supported by the evidence in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION