**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3603-18T2

RUTH M. BONETA,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and NJDAM INC.,

     Respondents.

_____

Submitted February 26, 2020 – Decided March 17, 2020

Before Judges Fuentes and Enright.

On appeal from the Board of Review, Department of Labor, Docket No. 172,783.

Ruth M. Boneta, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Donna Arons, Assistant Attorney General, of counsel; Rimma Razhba, Deputy Attorney General, on the brief).

Schiller Pittenger & Galvin, PC, attorneys for respondent NJDAM, Inc. (Jay Bently Bohn, on the brief).

PER CURIAM

Appellant Ruth Boneta appeals from a final decision of the Board of Review (Board), finding her ineligible for unemployment benefits because she left her job without good cause attributable to the work. N.J.S.A. 43:21-5(a). We affirm.

Appellant was employed by respondent NJDAM, Inc. (NJDAM) as an office manager from December 22, 2004 through December 18, 2018. In 2015, NJDAM's owner hired a relative who worked with appellant for approximately three years. Appellant had a difficult working relationship with this coworker and complained to the owner that the coworker refused to accept responsibility for his actions and used vulgar language in the workplace. The owner told appellant the coworker was a valuable member of the team.

Appellant reported that the "spats in the office" and the problems she had with her coworker affected her health, so she sought medical treatment for work-related stress and "flare ups" in her fibromyalgia symptoms. However, she did not provide any medical documentation to her employer to confirm her job was

adversely affecting her health. Further, she did not request a leave of absence or a medical accommodation.

On November 1, 2018, appellant asked her coworker to address certain issues with the launch of a new credit card system. Reportedly, the coworker again became argumentative and used vulgar language. That same day, appellant submitted a resignation letter to NJDAM's owner, advising December 22, 2018 would be her last day of work. Prior to her anticipated termination date, appellant worked from home and reported to work on certain Fridays to train staff in her duties. Her hours were irregular and "because of some miscommunication, [her] actual last date" on the job was December 7, 2018. However, she claimed she performed work for NJDAM up until December 18, 2018.

Appellant filed for benefits in December 2018. In January 2019, a deputy from the New Jersey Department of Labor, Division of Unemployment (Division) determined appellant was ineligible for benefits beginning December 2, 2018. Appellant appealed the determination to the Appeal Tribunal and in February 2019, the Tribunal affirmed the Division's determination, but modified the Division's decision as to the date of disqualification. The Tribunal specifically found appellant was disqualified for benefits as of December 16,

3

2018 because she left work voluntarily without good cause attributable to work. N.J.S.A. 43:21-5(a). The Board affirmed this decision on March 21, 2019.

Appellant argues the Board erred when it disqualified her for benefits because it failed to appreciate the "hostile work environment" created by her coworker which "constructively prevented" her from continuing her employment, and she did not understand she could pursue a leave of absence or workplace accommodation. Appellant also contends she should qualify for unemployment benefits because her fibromyalgia symptoms were aggravated by workplace stress.

We exercise limited review of administrative agency decisions and must accept the Board's findings if they are supported by sufficient credible evidence. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). We simply determine whether the administrative decision is arbitrary, capricious, or unreasonable. Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980). "As a general rule, the reviewing court should give 'due regard to the opportunity of the one who heard the witnesses to judge of their credibility . . . and . . . [give] due regard also to the agency's expertise where such expertise is a pertinent factor.'" Clowes v. Terminix Int'l, Inc., 109 N.J. 575, 587 (1988) (alterations in original) (quoting Close v. Kordulak Bros., 44 N.J. 589, 599 (1965)).

Applying these principles, we find no error in the Board's decision to deny benefits. In order to avoid disqualification, claimant had the burden of establishing that she left work for "good cause attributable to work." Brady 152 N.J. at 218. "Good cause attributable to such work" is defined by N.J.A.C. 12:17-9.1(b) as "a reason related directly to the individual's employment, which was so compelling as to give the individual no choice but to leave the employment." When an applicant for benefits demonstrates "through uncontroverted medical evidence[] that her disease has been and will be aggravated by the [work] environment[,] . . . [t]his constitutes 'good cause.'" Israel v. Bally's Park Place, Inc., 283 N.J. Super. 1, 5 (App. Div. 1995) (citation omitted). But an applicant must demonstrate "the environment at her job aggravated her illness." Ibid. "Mere dissatisfaction with working conditions which are not shown to be abnormal or do not affect health, does not constitute good cause for leaving work voluntarily." Domenico v. Bd. of Review, 192 N.J. Super. 284, 288 (App. Div. 1983) (quoting Medwick v. Bd. of Review, 69 N.J. Super. 338, 345 (App. Div. 1961)).

The Appeal Tribunal resolved the factual dispute over whether appellant left NJDAM for good cause adversely to appellant. The Tribunal's determination, adopted by the Board, that appellant left work voluntarily,

without good cause attributable to the work, is supported by substantial credible evidence in the record as a whole, and is not arbitrary, capricious, or unreasonable. Accordingly, we find no basis to disturb the Board's finding.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-3603-18T2